Rafael RAMOS, et al., Plaintiffs,

v.

DAVIS & GECK, INC., Defendant.

No. CIV. 94–2737(HL).

United States District Court, D. Puerto Rico.

Aug. 31, 1999.

Herbert W. Brown, III, Brown & Ubarri, San Juan, PR, for Rafael Ramos, Elsa Gonzalez–Sanchez, Conjugal Partnership Ramos–Gonzalez, Carlos E. Ramos, Javier A. Ramos, plaintiffs.

Pedro Pumarada–Surillo, Pedro J. Manzano–Yates, Fiddler, Gonzalez & Rodriguez, San Juan, PR, for Davis & Geck, Inc., Cyanamid of Puerto Rico, Inc., American Home Prod., Francisco Rosaly, Hazel Barry, defendants.

## OPINION AND ORDER

LAFFITTE, Chief Judge.

Before the Court is a dispute over whether and to what extent a judgment for damages under Puerto Rico's "Law 100," P.R. LAWS ANN. tit. 29, § 146 (1995), is subject to withholding by Defendant for income taxes under the Internal Revenue Code of Puerto Rico ("PRIRC") and for Social Security (FICA).

On February 5, 1997, the jury rendered a verdict for Plaintiff Rafael Ramos for $300,000 plus interest, costs, and attorney's fees. On February 14, 1997, the Court entered judgment accordingly. Thereafter, on February 18, 1997, the United States Court of Appeals for the First Circuit affirmed the Court's judgment.

Plaintiff is a former employee of the Defendant, Davis & Geck, Inc. The jury awarded Plaintiff damages of $150,000 for his claim of age discrimination under Law 100. This amount was then doubled, as is required by Law 100. See P.R. LAWS ANN. tit. 29, § 146(a)(1) (1995). Thus, Plaintiff was awarded a total of $300,000 in damages. Defendant asserts that portions of this award are subject to withholding; Plaintiff asserts that none of this award is subject to withholding.

## DISCUSSION

At the close of the presentation of evidence in the trial, the Court instructed the jury on how to calculate Plaintiff's damages award. The Court made clear that any award to Plaintiff should compensate him for "his loss of salary and for any moral or emotional anguish or distress suffered as a result of the age discrimination." Dkt. No. 119.

When the jury returned its verdict, though, it awarded Plaintiff a lump sum. There was no indication of what portion of the award was compensation for loss of salary and what portion was compensation for emotional distress. As a result, the Court must determine to what extent the

award is subject to withholding for purposes of FICA and the PRIRC.

## THE BACK PAY PORTION OF PLAINTIFF'S $300,000 AWARD

Plaintiff argues that the entire $300,000 damages award was compensation for emotional distress. Defendant argues that at least some part of the award must be attributed to back pay or loss of salary, as the Court's instructions to the jury made clear that any award was to include back pay. Further, the Court's instructions explored in great detail the proper method for calculating back pay.

■ The Court agrees with Defendant that some part of the $300,000 award was indeed meant to compensate the Plaintiff for lost salary or back wages. The Court's instructions to the jury require such a conclusion.[1]

Defendant has proposed calculating back pay by multiplying Plaintiff's last monthly salary by the number of months between April 21, 1992 (the date of discharge) and February 5, 1997 (the date of the verdict), and subtracting amounts earned by Defendant during that time. Plaintiff's last monthly salary was $3,123.90. Approxi-

mately 57 months have intervened between the Plaintiff's discharge and the jury's verdict. Thus, Plaintiff was illegally denied $178,062.30 in salary. Plaintiff received $52,518.50 in Social Security benefits during those 57 months. Thus, a total of $125,543.80 of Plaintiff's $300,000 award is attributable to back pay or lost salary.

As back pay, this $125,543.80 is, under the PRIRC, subject to a seven percent withholding for income tax purposes:

> Every employer ... obliged to make indemnification payments under a court order ... shall be required to withhold seven (7) percent of the amount of those payments made which constitute taxable income for purposes of this Part. For purposes of this section, taxable income includes, among others, the following items: (1) Any compensation portion representing or substituting loss of income or salaries, including lost profits ....

P.R. LAWS ANN. tit. 13, § 8542(a)(1) (1996).

Thus, the Puerto Rico income tax withholdings amount to $8,788.07. In addition to withholdings for income taxes, the back wages are also subject to FICA withholdings totaling 7.65%.[2] Thus, withholdings for FICA total $9,604.10. So, the Defen-

---

1. The Court instructed the jury,

You calculate the loss of salary by subtracting what the plaintiff would have earned if there was no age discrimination from what the plaintiff actually earned .... The amount of money that the plaintiff could have earned if there was no age discrimination includes the plaintiff's salary illegally denied, multiplied by the period of time that the wage was illegally denied, plus the value of any fringe benefits, such as life insurance, pension benefits, medical insurance, use of company automobile, bonus plan, and whatever other benefits he might have had. This amount should be calculated from April 21, 1992, until the date of this trial. From this total amount of compensation, you must deduct any amounts of money that the plaintiff earned since his discharge and the sums paid by the defendant to the plaintiff after his discharge, including the plaintiff's pension and social security benefits.

2. The statute reads,

In addition to other taxes, there is hereby imposed on the income of every individual a tax equal to the following percentages of the wages (as defined in section 3121(a)) received by him with respect to employment .... In cases of wages received during: ... 1990 or thereafter 6.2 percent.

26 U.S.C.A. § 3101(a) (West 1989).

The next subsection reads,

In addition to the tax imposed by the preceding subsection, there is hereby imposed on the income of every individual a tax equal to the following percentages of the wages ... (6) with respect to wages received after December 31, 1985, the rate shall be 1.45 percent.

26 U.S.C.A. § 3101(b)(6) (West 1989).

The statute defines wages as "all remuneration for employment ...." 26 U.S.C.A. § 3121(a) (West 1989).

dant must withhold a total of $18,392.17 from the back pay portion of Plaintiff's award for FICA and Puerto Rico income taxes.

## THE REMAINDER OF PLAINTIFF'S $300,000 AWARD

The remainder of Plaintiff's $300,000 award is not subject to withholding. First, the remainder of the pre-doubling $150,000 award must be attributed to compensating the Plaintiff for emotional distress resulting from his discharge. The Court's instructions to the jury made clear that damages for emotional distress are the other component of the award. Dkt. No. 119. The parties agree that damages for emotional distress are not subject to withholdings of any kind.

■ The $150,000 resulting from Law 100's mandatory doubling provision is also not subject to withholding. Defendant's argument notwithstanding, this $150,000 is not analogous to a punitive award. Defendant is correct as a general proposition that punitive damages are subject to taxation,[3] but Defendant incorrectly characterizes Law 100's mandatory doubling provision as punitive.

Under Law 100, any damages sustained by the employee are automatically doubled.[4] The characterization of this doubling provision as punitive or compensatory is not entirely settled, but the First Circuit, relying on language from a Puerto Rico Supreme Court case, has indicated that the provision seems to have a compensatory aim.

In *Sanchez v. Puerto Rico Oil Co.*, 37 F.3d 712 (1st Cir.1994), Judge Selya concluded that liquidated damages under the Age Discrimination in Employment Act, 29 U.S.C.A. §§ 621–634 (1988) ("ADEA") are punitive. *Sanchez*, 37 F.3d at 725. For purposes of contrast with ADEA's punitive elements, Judge Selya interpreted in dictum *Law 100's* doubling provision as *compensatory*. He relied on language from a Puerto Rico Supreme Court case:

> the Puerto Rico Supreme Court, in interpreting the ... provisions of Law 100 [regarding statutory doubling of damages awards], has stated that the legislature's 'intent was to devise a formula to redress damages arising from discrimination in employment.' *Garcia Pagan v. Shiley Caribbean*, 122 D.P.R. 193, 1988 WL 580765 (1988). *This language fits far more comfortably with an aim to compensate rather than to punish or deter.*

*Sanchez*, 37 F.3d at 725 (emphasis added).

So, in determining the tax treatment of damages awarded under Law 100, one

---

3. As early as 1955, the United States Supreme Court held that punitive damages fit the Internal Revenue Code's definition of "gross income." See *Commissioner of Internal Revenue v. Glenshaw Glass Co.*, 348 U.S. 426, 75 S.Ct. 473, 99 L.Ed. 483 (1955).

More recently, in *O'Gilvie v. United States*, 519 U.S. 79, 117 S.Ct. 452, 136 L.Ed.2d 454 (1996), the Supreme Court interpreted the statutory exclusion from gross income for "damages received on account of personal injuries or sickness" as it stood in 1988. See 26 U.S.C.A. § 104(a)(2) (1988). The majority held that punitive damages were not damages received "on account of" personal injuries, "but rather were awarded 'on account of' a defendant's reprehensible conduct and the jury's need to punish and to deter it." *O'Gilvie*, 117 S.Ct. at 453. So, the Supreme Court held that punitive damages are part of gross income.

In response to this decision, Congress amended § 104(a)(2) in 1996. Congress codified the Supreme Court's holding in *O'Gilvie*:

gross income does not include—
(2) the amount of any damages *(other than punitive damages)* received ... on account of personal *physical* injuries or *physical* sickness .... (underscoring added)
26 U.S.C.A. § 104(a)(2) (Supp.1999).

4. The statute provides,

Any employer who discharges, lays off or discriminates against an employee ... (a) shall incur civil liability (1) for a sum equal to twice the amount of damages sustained by the employee or applicant for employment on account of such action.
P.R. LAWS ANN. tit. 29, § 146 (1995).

must take into account the fact that Law 100 seeks to compensate the victims of discriminatory practices in the workplace. Law 100's compensatory thrust allows its damages provisions to be compared meaningfully with Law 80's compensatory damages provisions.[5] Law 80, too, provides for compensatory damages awards to wrongfully discharged employees.[6]

In *Alvira Cintron v. SK & F Laboratories Co.*, 97 JTS 40 (1997), the Puerto Rico Supreme Court held that damages awards under Law 80 that can not be characterized as back pay or "wages" are not subject to FICA withholdings. Accordingly, the portion of Plaintiff's award that is attributable to Law 100's automatic doubling provision is also not subject to withholding for taxation. It follows that no part of the "second" $150,000 awarded to the Plaintiff is subject to withholding by the Defendant.[7]

### ATTORNEY'S FEES

Defendant argues that the $37,500 attorney's fees award is subject to a seven percent withholding under the PRIRC. Plaintiff argues that no part of the award is subject to withholding.

 The Puerto Rico Secretary of the Treasury's Administrative Determination No. 98–01 states that attorney's fees awarded by courts are taxable under Puerto Rico income tax law. Accordingly, plaintiff's attorney's fees are subject to a seven percent withholding. This withholding amounts to $2,625.00.[8]

**5.** See P.R. LAWS ANN. tit. 29, § 185a (1995).

**6.** The statute provides,
Every employee ... who is discharged from his employment without good cause, shall be entitled to receive from his employer, in addition to the salary he may have earned: (a) The salary corresponding to one month, as indemnity; (b) An additional progressive indemnity equivalent to one week for each year of service.

### SUMMARY OF WITHHOLDINGS

Plaintiff's award for back pay shall be subject to a PRIRC withholding of $8,788.07 and a FICA withholding of $9,604.10. Plaintiff's award of attorney's fees shall be subject to a PRIRC withholding of $2,625.00.

WHEREFORE, the Clerk of the Court is hereby ordered to withhold and forward to Puerto Rico's Treasury Department a total of $11,413.07. The Clerk of the Court is hereby further ordered to withhold and forward to the Internal Revenue Service a total of $9,604.10.

**IT IS SO ORDERED.**

**7.** The jury awarded Plaintiff Rafael Ramos' wife, Elsa Gonzalez, damages of $50,000 for her Article 1802 claim, but the parties agree that this amount is not subject to withholding.

**8.** The parties agree that neither the $2,504.00 in costs nor the post-judgment interest is subject to withholding.