# United States Court of Appeals

## For the First Circuit

No. 99-2113

RAFAEL RAMOS,

Plaintiff, Appellant,

v.

DAVIS & GECK, INC.,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Héctor M. Laffitte, U.S. District Judge]

Before

Torruella, Chief Judge,
Stahl and Lipez, Circuit Judges.

David W. Román, with whom Herbert W. Brown III, José Luis Ubarri, and Brown & Ubarri were on brief, for appellant.
Pedro J. Manzano-Yates, with whom Juan J. Casillas-Ayala and Fiddler González & Rodríguez were on brief, for appellee.

August 23, 2000

**LIPEZ, Circuit Judge**.  Rafael Ramos appeals from a decision of the district court for the District of Puerto Rico ordering that his award of damages against Davis & Geck, Inc., be subject to withholding for FICA and Puerto Rico income taxes because part of the damages represented back pay.  See Ramos v. Davis & Geck, Inc., 64 F. Supp. 2d 6, 8 (D.P.R. 1999).  Ramos contends that the court erred in deciding what portion of the damages found by the jury was back pay.  We agree.

## I.

The underlying facts of this case are recited in our prior opinion, Ramos v. Davis & Geck, Inc., 167 F.3d 727 (1st Cir. 1999), and we sketch here only the facts relevant to this appeal.  Ramos sued Davis & Geck, his former employer, alleging that he had been discharged because of his age in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq., and Puerto Rico's Law 100, P.R. Laws Ann. tit 29, § 146 et seq.  The case was tried to a jury in January 1997.  The jury found for Davis & Geck on the ADEA claim.  On the Law 100 claim, the verdict form asked the jury:

> Do you find that the Defendant constructively discharged the Plaintiff Rafael Ramos without just cause because of his age in violation of Law 100? . . .
>
> If your answer is YES, state the amount of damages in the space below, double

that amount, and write the total amount of damages.

The jury answered "YES" and found damages of $150,000, doubled pursuant to Law 100 to $300,000. The verdict form did not require the jury to specify what portion of the damages represented back pay and what portion was compensation for emotional distress.

Davis & Geck appealed and we affirmed. See 167 F.3d at 735. After our decision, Davis & Geck refused to pay Ramos the full amount of the judgment, contending that part of the jury's damage award represented back pay, from which it was required to withhold payments for Puerto Rico income taxes and federal social security (FICA) taxes. Ramos brought the issue before the district court, which agreed with Davis & Geck. The court calculated Ramos's lost wages as $178,062.30 by multiplying his monthly salary, $3,123.90, by the number of months between his termination and the jury verdict, fifty-seven. It then subtracted the $52,518.50 Ramos had received in social security benefits during the fifty-seven months and concluded that the net amount of the back pay award represented $125,543.80 of the $150,000 in damages found by the jury. Accordingly, the court ordered $8,788.07 withheld from the damages for Puerto Rico income tax, see P.R. Laws Ann. tit. 13, § 8542(a) (mandating 7% withholding), and $9,604.10 withheld for

-4-

FICA, see 26 U.S.C. § 3101(a), (b)(6) (mandating 7.65% withholding).[1]  This appeal followed.

## II.

In its opinion ordering the withholding, the district court did not discuss its authority to determine the amount of the back pay award.  Instead, the court stated that because the verdict form did not indicate what portion of the damages represented back pay, "the Court must determine to what extent the award is subject to withholding . . . ."  64 F. Supp. 2d at 7-8.  The court concluded that withholding was necessary because an award of back pay was "require[d]" by its jury instructions, and it accepted Davis & Geck's calculation of the amount of back pay as $125,543.80.  Id. at 8.

We do not agree with the district court that its jury instructions required an award of back pay by the jury.  The court told the jury that "[i]f you find for the plaintiff under Law 100, you may award an amount of monetary damages that will

---

[1]The court also ordered Puerto Rico income tax withheld from the attorney's fees Ramos was awarded.  Ramos complains about this withholding in a footnote in his brief, but he did not appeal from that aspect of the court's order and he admitted at oral argument that the withholding from the damage award is the sole issue in this appeal.

reasonably compensate the plaintiff for his loss of salary and for any moral or emotional anguish or distress suffered as a result of the age discrimination." The court then explained to the jury how to calculate a back pay award. At most, these instructions demonstrate that the jury <u>should have</u> awarded back pay. Likewise, the calculations accepted by the court show at best that the jury <u>should have</u> found the amount of the back pay to be $125,543.80. But we are aware of no law imposing tax withholding on a plaintiff for a back pay award he <u>should have</u> received. On the contrary, we think it self-evident that Ramos is only subject to withholding for the back pay award he actually <u>did</u> receive.

On this record, there is no way to determine what the jury did. It might have awarded what it should have, but it might also have awarded $150,000 for emotional distress and nothing for back pay, or nothing for emotional distress and $150,000 for back pay, or something in between. Although in many contexts we presume that a jury follows its instructions, <u>see, e.g.,</u> <u>United States</u> v. <u>Gonzalez-Vazquez</u>, No. 98-2108, 2000 WL 967224, at *9 (1st Cir. July 18, 2000) (jury presumed to follow instruction to disregard stricken evidence), that presumption cannot extend so far that a jury is deemed to have made a complex damage calculation in exactly the amount the

district court believes its instructions required.  The problem with the court's back pay determination, then, "is that the jury may or may not have reached the same conclusions as the court on the proper damage elements." Payton v. Abbott Labs, 780 F.2d 147, 151-52 (1st Cir. 1985) (quoting Durant v. Surety Homes Corp., 582 F.2d 1081, 1085-86 (7th Cir. 1978)).  To the extent that the court made a factual finding that the jury awarded $125,543.80 in back pay, that finding was based on pure speculation and was clearly erroneous.  See id. at 154 (finding clear error in district court's attempt to allocate among multiple claims damages found by jury in lump sum).

Alternatively, the district court might have concluded that, in the absence of a finding by the jury, it could determine the amount of back pay itself.  Davis & Geck argues that the court was authorized to do so by Rule 49(a) of the Federal Rules of Civil Procedure, although the court's opinion makes no mention of that rule.  Rule 49(a) allows the court to require the jury to return a special verdict.  See generally Anderson v. Cryovac, Inc., 862 F.2d 910 (1st Cir. 1988).  It provides that if in instructing the jury on the special verdict:

> the court omits any issue of fact raised by the pleadings or by the evidence, each party waives the right to a trial by jury of the issue so omitted unless before the jury retires the party demands its submission to the jury.  As to an issue omitted without

-7-

> such a demand the court may make a finding;
> or, if it fails to do so, it shall be deemed
> to have made a finding in accord with the
> judgment on the special verdict.

Fed. R. Civ. P. 49(a). Davis & Geck says that because the issue of the amount of back pay was omitted from the verdict form in this case, Rule 49(a) authorizes the court to make a finding on the issue.

We conclude, however, that Rule 49(a) is inapplicable to this case. To begin with, the jury's verdict on Ramos's Law 100 claim was not a special verdict. On liability, the form asked the jury only one question--"Do you find that the Defendant constructively discharged the Plaintiff Rafael Ramos without just cause because of his age in violation of Law 100?"--rather than the "special written finding[s] on each issue of fact" authorized by Rule 49(a). That one question, although phrased as a question of fact, was in substance identical to asking the jury, "On Plaintiff's Law 100 claim, do you find for Plaintiff or Defendant?" Then the jury was asked to find one amount for damages (and then double it pursuant to Law 100), without breaking it down into back pay and emotional distress. This was a general verdict, fully adequate to support the judgment entered for Ramos on the Law 100 claim, and not a special verdict which lacked a finding on an essential issue, was inadequate standing alone to support an entry of judgment,

-8-

and required either a new trial or a finding by the court pursuant to Rule 49(a). See Anderson, 862 F.2d at 915-16 (explaining that Rule 49(a) provision allowing finding by the court was adopted to replace the common-law rule that omission of essential issue from special verdict required a new trial); see also 9A Wright & Miller, Federal Practice & Procedure § 2507 (1995).

Also, the amount of back pay awarded to Ramos is not the type of issue on which Rule 49(a) contemplates a judicial finding. As a distinct issue, it was not "raised by the pleadings or by the evidence," as the rule requires, but was raised after judgment in a collateral proceeding. Likewise, it was not essential to the judgment. Davis & Geck does not dispute that a valid judgment on the Law 100 count was entered in Ramos's favor by the district court and affirmed by this court. At the time the judgment was entered, there was no reason to believe that the amount of back pay was an "issue[] which should have been--but [was] not--covered by the interrogatories." Anderson, 862 F.2d at 916.

Moreover, it is not clear that the back pay issue was "omitted" in the sense used by the rule. The issue was indeed omitted from the verdict form, but it was not omitted from the jury instructions and there is no reason to believe it was not

considered by the jury. See Gaia Techs. Inc. v. Recycled Prods. Corp., 175 F.3d 365, 370 (5th Cir. 1999) ("Rule 49(a) allows the district court to make its own findings only as to issues not submitted to the jury."). The jury presumably decided an amount of back pay, somewhere between zero and $150,000, but it was not asked to record that amount as a discrete figure. For the district court to decide the back pay issue, then, required it to make a factual finding that was potentially inconsistent with the jury's finding on the same issue. Rule 49(a) does not authorize that sort of inconsistency. "The rule gives the district court the authority to make a finding on the omitted issue of fact; it does not give it the right to substitute its judgment for that of the jury on the question of damages." Payton, 780 F.2d at 154; see also Gaia Techs., 175 F.3d at 371 ("Rule 49(a) does not permit a district court to make findings contrary to the jury verdict.").

In sum, as a factual finding, the district court's determination that the jury awarded Ramos $125,543.80 in back pay has no support in the record and is thus clearly erroneous. Alternatively, if the court concluded that it could determine the amount of back pay in the absence of or without regard to the jury's determination, the court's determination of that

amount was unauthorized by Rule 49(a) or otherwise[2] and was thus an error of law.

Judgment ordering PRIRC and FICA withholding from the plaintiff's damages award is **<u>vacated</u>**. **<u>Remanded</u>** for further proceedings consistent with this opinion.

---

[2]Neither Davis & Geck nor the district court cited, and we are not aware of, any provision of federal or Puerto Rico law that requires a trial judge to determine the amount of a back pay award for tax purposes regardless of the fact that the jury was not asked to specify an amount for back pay. There would obviously be a different outcome if there were such a provision.