08-2985-cv
Noel v. N.Y.S. Office of Mental Health

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15th day of January, two thousand and ten.

Present:
ROSEMARY POOLER,
JON O. NEWMAN,
JOHN M. WALKER,
Circuit Judges,

_____

Ian Noel,

Plaintiff-Appellee,

-v-                                              (08-2985-cv)

New York State Office of Mental Health Central New York Psychiatric Center,

Defendant-Appellant.

_____

Appearing for Appellant:     Andrew Cuomo, Attorney General, State of New York
                             Barbara D. Underwood, Solicitor General, State of New York
                             Andrea Oser, Deputy Solicitor General, State of New York
                             Andrew B. Ayers, Assistant Solicitor General, State of New York

Appearing for Appellee:      A.J. Bosman, Esq., Rome, New York

Appeal from the United States District Court for the Northern District of New York (Hurd, J.).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **VACATED** in part and **AFFIRMED** as modified.

Defendant-Appellant New York State Office of Mental Health Central New York Psychiatric Center ("Central New York" or "defendant") appeals the district court's decision dated April 11, 2008 denying defendant's motion under Rule 50 of the Federal Rules of Civil Procedure to set aside the jury award of emotional distress damages to Plaintiff-Appellee Ian Noel ("Noel" or "plaintiff"). We assume the parties' familiarity with the underlying facts, procedural history, and issues in the case.

Defendant argues that the district court should have set aside the jury award of $120,000 in emotional distress damages because plaintiff failed to introduce any evidence of emotional distress. Plaintiff does not dispute that he failed to introduce any such evidence. Rather, he argues that defendant waived this argument by failing to raise it in its pre-verdict motion for judgment as a matter of law. Defendant, in turn, argues that plaintiff has waived this waiver argument by not raising it in response to defendant's post-verdict motion for judgment as a matter of law.

Plaintiff is correct that defendant waived the argument relating to plaintiff's failure to introduce evidence of his emotional distress when it failed to raise the argument at the close of evidence at trial. "Where a party has failed to move for [judgment as a matter of law before the verdict], a court generally may only consider a [post-verdict judgment as a matter of law] motion to prevent manifest justice." Gibeau v. Nellis, 18 F.3d 107, 109 (2d Cir. 1994). Defendant has failed to present a sufficient reason why manifest injustice would result from finding this argument waived.

However, defendant is correct that plaintiff waived the waiver argument by not raising it in response to defendant's post-verdict motion for judgment as a matter of law. "Where a party has failed to raise an argument in the district court, an appellate court may only consider the argument where necessary to serve an 'interest of justice.'" Medforms, Inc. v. Healthcare Mgmt. Solutions, Inc., 290 F.3d 98, 109 (2d Cir. 2002). We find no such interest here given the fact that plaintiff's only argument in support of the damages award is defendant's waiver. In short, the parties' waiver arguments cancel each other out and we are left to decide whether the emotional distress award should have been set aside by the district court.

While courts may award emotional distress damages in employment discrimination cases, "the mere fact that a constitutional deprivation has occurred does not justify the award of such damages." Patrolmen's Benevolent Ass'n v. City of New York, 310 F.3d 43, 55 (2d Cir. 2002). Rather, "the plaintiff must establish that [he] suffered an actual injury caused by the deprivation." Id.

Here, plaintiff failed to introduce any evidence whatsoever concerning the emotion distress he may have suffered. Indeed, while other witnesses testified about the emotional

distress <u>they</u> suffered while working for Central New York, plaintiff's testimony is entirely devoid of any mention of how he suffered emotionally because of the discriminatory actions of his employer. The testimony of plaintiff's other witnesses, including plaintiff's longtime romantic partner and mother of his child, was similarly lacking.

"Judgment as a matter of law may not properly be granted under Rule 50 unless the evidence, viewed in the light most favorable to the opposing party, is insufficient to permit a reasonable juror to find in [his] favor." <u>Galdieri-Ambrosini v. Nat'l Realty & Dev. Corp.</u>, 136 F.3d 276, 289 (2d Cir. 1998). Here, because there was no evidence to support the jury award of emotional distress damages, "the jury's finding could only have been the result of sheer surmise and conjecture." <u>Id.</u> Thus, the district court should have set aside the award of emotional distress damages.

Accordingly, we **VACATE** the award of damages for emotional distress and **AFFIRM** the judgment as modified.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By:_____

3