**Randall E. MARLIN, Plaintiff,**

v.

**BNSF RAILWAY COMPANY, Defendant.**

**No. 4:14–cv–00098–JEG**

United States District Court, S.D. Iowa, Central Division.

Signed January 29, 2016

Nicholas J. Mauro, Crawford & Mauro Law Firm, Des Moines, IA, Richard Alvin Haydu, Matthew F. Liebert, William J. McMahon, Hoey & Farina, P.C., Chicago, IL, for Plaintiff.

Michael W. Thrall, Angel Anna West, Nyemaster Goode PC, Des Moines, IA, for Defendant.

## ORDER ON MOTION FOR RELEASING AND DISCHARGING JUDGMENT

JAMES E. GRITZNER, Senior Judge, U.S. DISTRICT COURT

This matter comes before the Court on Motion by Defendant BNSF Railway Co. (BNSF) pursuant to Federal Rule of Civil Procedure 60(b)(5), requesting an order releasing and discharging judgment. Plaintiff Randall E. Marlin (Marlin) resists. The parties have not requested a hearing, and the Court finds a hearing is unnecessary in resolution of this matter. The Motion is fully submitted and ready for disposition.

## I. BACKGROUND

On March 14, 2014, Marlin, who works as an engineer for BNSF, filed this action against BNSF under the Federal Employers' Liability Act (FELA), 45 U.S.C. § 51. Marlin alleged that he sustained injuries due to BNSF's negligent and careless failure to provide a safe place to work when a BNSF coal train struck the rear of the BNSF maintenance of way equipment train in which Marlin was riding. On August 27, 2015, following a three-day trial, the jury returned a general verdict in favor of Marlin and awarded Marlin $75,000 in damages. The Clerk of Court entered judgment in favor of Marlin in the amount of $75,000, and thereafter taxed costs against BNSF in the amount of $2,878.97.

Contemporaneous with this Motion, the Court granted BNSF's motion to deposit with the Clerk of Court a check in the amount of $69,757.53, which BNSF asserts represents the amount in satisfaction of Marlin's judgment. According to BNSF, the $69,757.53 represents the judgment ($75,000), plus costs ($2,878.97) and 81-days' post-judgment interest ($64.92), minus required deductions for the employee portion of both the Railroad Retirement Board (RRB) lien ($4,488.00) and Railroad Retirement Tax Act (RRTA) withholdings ($3,698.36). Marlin concedes the RRB reduction was required but argues BNSF was not required to withdraw RRTA taxes and thus refuses to sign the satisfaction of judgment. BNSF counters that it was required to make the RRTA withholding and asks the Court to enter an order showing the judgment has been released and discharged.[1]

---

1. Both parties requested a general verdict form on the issue of damages, *see* Pl.'s Requested Jury Instr. No. 26, ECF No. 51 and Def.'s Requested Jury Instr. No. 20, ECF No. 50; and the verdict form the Court submitted

## II. DISCUSSION

Rule 60(b)(5) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding [if] .... the judgment has been satisfied, released or discharged ...."

The sole dispute is whether BNSF was obligated to deduct $3,698.36 from Marlin's award for the employee portion of RRTA withholdings. BNSF argues that Marlin's award constitutes wages under the RRTA and is, therefore, subject to RRTA withholding. BNSF further argues not only has it already paid to the U.S. Treasury BNSF's employer portion of the RRTA withholding of $4,239.32, which did not come out of Marlin's award, but it also paid Marlin's portion of the RRTA ($3,698.36), which was required to come out of Marlin's award. Marlin argues his award is a personal injury award, and as such, while it does constitute compensation, it does not constitute wages under the RRTA, and therefore it is exempt from RRTA withholdings.

Railroad employee compensation invokes two separate statutory schemes. The first statute is the Railroad Retirement Act (RRA), 45 U.S.C. § 231 et seq., which "provides for an annuity for 'individuals whose permanent physical or mental condition is such that they are unable to engage in any regular employment'" and "is analogous to the disability provisions of the Social Security Act, 42 U.S.C. § 301." *Fountain v. R.R. Ret. Bd.,* 88 F.3d 528, 530 (8th Cir.1996) (quoting 45 U.S.C. § 231a(a)(1)(v)). The parties agree that Marlin's judgment was subject to RRA withholdings.

The second statute is the two-tiered RRTA, 26 U.S.C. § 3201 et seq., which is a subsection of the Internal Revenue Code. Both Tier 1 and Tier 2 of the RRTA impose taxes on the railroad employee and the railroad employer. *See* 26 U.S.C. § 3201.

> Tier I provides benefits and taxes in a manner almost identical to FICA and, in essence, is the social security analog for railroad workers; indeed, the Tier I rates are statutorily linked to FICA. Tier II functions like a private pension plan and is essentially an extension of the system of railroad pension plans that then existed when the RRA and RRTA were enacted in the 1930s. The Tier II benefits are tied to an employee's "earnings and career service."

*BNSF Ry. Co. v. United States,* 775 F.3d 743, 750 (5th Cir.2015) (footnotes omitted) (quoting *Hisquierdo v. Hisquierdo,* 439 U.S. 572, 575, 99 S.Ct. 802, 59 L.Ed.2d 1 (1979)).

At issue here are the RRTA Tier 1 taxes, which are "imposed on the income of each employee a tax equal to the applicable percentage of the compensation received during any calendar year by such employee for services rendered by such employee." 26 U.S.C. § 3201(a). The definition of "compensation" under RRTA informs whether BNSF properly withheld RRTA funds from Marlin's judgment.

Marlin relies on *Cowden v. BNSF Ry. Co.,* No. 4:08CV01534 ERW, 2014 WL 3096867 (E.D.Mo. July 7, 2014), in which the court found RRTA withholdings do not apply to personal injury awards. As in the present case, *Cowden* involved an employee suing the railroad under FELA for injuries sustained due to the defendant railroad's alleged failure to provide a reasonably safe working environment. *Id.* at *1. The case proceeded to jury trial and resulted in a general verdict damages

---

to the jury followed the Eighth Circuit Manual of Model Civil Jury Instruction, No. 15.81,

FELA—General Verdict Form, *see* Final Jury Instr.—Verdict Form, ECF No. 78.

award for the plaintiff in the amount of $1,671,253.90. *Id.* The parties agreed that $1,659,617.19 reflected the judgment plus costs and post-judgment interest, less $19,983 for the RRB lien. The parties disagreed, however, that the defendant had to deduct $48,556.47 from that amount for the employee portion of RRTA withholdings. *Id.* at *1–2. As in the present case, the defendant filed a motion for an order showing satisfaction of judgment, arguing it was required to withhold the employee portion of the RRTA. *Id.*

To resolve the dispute, the *Cowden* court reasoned that compensation was defined differently under the RRA and the RRTA. The court noted that the RRA specifically included personal injury payments in the definition of compensation. *Id.* at *4 ("The term 'compensation' means any form of money remuneration paid to an individual for services rendered as an employee . . . including remuneration paid for time lost as an employee . . .") (quoting 45 U.S.C. § 231(h)(1)).

In turning to the definition of compensation under the RRTA, the *Cowden* court: (1) reviewed the prior and current definitions of compensation in the RRTA, *id.* at *5 ("The term 'compensation' [is currently defined as] any form of money remuneration paid to an individual for services rendered as an employee . . . .") (quoting 26 U.S.C. § 3231(e)(1)); (2) considered the congressional intent behind amendments to the RRTA that removed language addressing payments for time lost and payments for personal injury, *id.* at *5–6; (3) afforded *Chevron*[2] deference to U.S. Treasury Department updates to regulations pertaining to the RRTA, which include pay for time lost in the definition of compensation, *id.* at *6–8 ("Compensation includes amounts paid to an employee for loss of

earnings during an identifiable period as the result of the displacement of the employee to a less remunerative position or occupation as well as pay for time lost" (quoting 26 C.F.R. § 31.3231(e)–1(a)(3)–(4)); (4) considered relevant guidance by the Fifth Circuit Court of Appeals defining wages for purposes of determining the propriety of the former employer deducting FICA wage withholdings from a Title VII jury award, *id.* at *8 ("[B]oth back pay and front pay are 'wages' as defined by the [IRC]." (second alteration in original) (quoting *Noel v. N.Y. Office of Mental Health Cent. N.Y. Psychiatric Ctr.*, 697 F.3d 209, 213 (5th Cir.2012)); and (5) applied a recent Supreme Court decision that noted " 'wages' under FICA are defined 'broadly,' " *id.* at *9 (quoting *United States v. Quality Stores, Inc.*, —— U.S. ——, 134 S.Ct. 1395, 1399–1400, 188 L.Ed.2d 413 (2014)). After this thorough discussion, the *Cowden* court concluded "FELA judgments for lost pay fall within the definition of 'compensation' for RRTA purposes." *Id.*

However, the *Cowden* court went on to determine that at least a portion of the plaintiff's award fell within the personal injury exclusion in 26 U.S.C. § 104(a)(2), which states in relevant part as follows:

> In general.—Except in the case of amounts attributable to (and not in excess of) deductions allowed under section 213 (relating to medical, etc., expenses) for any prior taxable year, gross income does not include . . . (2) the amount of any damages (other than punitive damages) received (whether by suit or agreement and whether as lump sums or as periodic payments) on ac-

---

2. *Chevron, U.S.A., Inc. v. Nat. Res. Defense Council, Inc.*, 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984).

count of personal physical injuries or physical sickness.

The *Cowden* court reasoned,

> The term "income" is broader than "wages." *Anderson v. United States,* 929 F.2d 648, 650 (Fed.Cir.1991); *Rowan Cos., Inc. v. United States,* 452 U.S. 247, 254, 101 S.Ct. 2288, 68 L.Ed.2d 814 (1981) ("In short, 'wages' is a narrower concept than 'income [.]' "). Therefore, if Plaintiff's verdict qualifies as an exclusion from income, it must also qualify as an exclusion from wages. *Redfield v. Ins. Co. of N. Am.,* 940 F.2d 542, 548 (9th Cir.1991) ("Our conclusion that Redfield's 'economic damages' were excluded from the definition of 'gross income' dictates a conclusion that the sums were not subject to FICA withholding either."). In addition, the RRTA imposes a tax "on ... income [.]" 26 U.S.C. § 3201(a)-(b). Defendant does not, and cannot, dispute Plaintiff's verdict, in part, constitutes "damages ... on account of personal physical injuries or physical sickness[.]" 26 U.S.C. § 104(a)(2). Thus, the Court finds, because wages are a subset of income, the personal injury exclusion must apply.

*Cowden,* 2014 WL 3096867, at *10 (alterations in original).

Finally, as in the present case, the *Cowden* court had to address the fact that the jury returned a general verdict that included both "taxable compensation for lost pay and excludable damages for personal injury." *Id.* at *11 ("[T]he case law and regulatory rulings have made it clear that when an award is received for a personal injury in a tort or tort-type proceeding, the whole award is excludable from income under 26 U.S.C. § 104(a), even if included in the award is an amount for lost earnings." (quoting *Jelly v. Sec'y of Health & Human Servs.,* No. 94–646V, 1998 WL 211913 (Fed.Cl. Apr. 6, 1998)). The *Cowden* court concluded that the entire verdict

was excluded from RRTA withholdings. *Id.* ("[T]he Tax Court has long held that '[i]f a taxpayer receives a damage award for a physical injury, which almost by definition is personal, the entire award is excluded from income [under § 104(a)(2) ] even if all or part of the recovery is determined with reference to the income lost because of the injury.'" (alterations in original) (quoting *Rickel v. C.I.R.,* 900 F.2d 655, 658 (3d Cir.1990))).

In arguing it was required to withhold RRTA taxes from Marlin's award, BNSF relies on *Phillips v. Chicago Central & Pacific Railroad Co.,* 853 N.W.2d 636, 644 (Iowa 2014). In *Phillips,* the Iowa Supreme Court had to decide whether RRTA taxes were properly withheld from a general verdict awarded to the former-employee plaintiff for personal injuries including "medical expenses, lost wages, future earning capacity, loss of bodily functions, and physical and mental pain and suffering" allegedly caused by the employer railroad's negligence in failing to provide a safe workplace. *Id.* at 638. As in *Cowden,* the *Phillips* court analyzed the statutory framework and differences between the RRA and the RRTA, the amendments to the RRTA, the Treasury Department's regulations, and similarly concluded the RRTA definition of compensation included time lost and was subject to taxation under the RRTA. *Id.* at 652. The *Phillips* court acknowledged the jury awarded damages for personal injury but reasoned it was a general verdict that carried "a presumption that the jury awarded damages on each element of damages" and because the jury was "instructed to consider damages for lost wages, ... the entire amount of the verdict ... should be considered payment for time lost." *Id.* at 645. However, after discussing the Treasury Department's interpretation of "time lost," the *Phillips* court simply concluded that "time lost is properly taxed as compensation un-

der the RRTA" without examining the personal injury exclusion in 26 U.S.C. § 104(a)(2). *Id.*

In *Mickey v. BNSF Railway Co.*, a case factually indistinguishable from *Phillips*, the Missouri Supreme Court similarly considered whether RRTA taxes were properly withheld from a general verdict awarded to a former-employee plaintiff for personal injuries allegedly caused by the employer railroad's negligence. *Mickey v. BNSF Ry. Co.*, 437 S.W.3d 207, 208 (Mo.2014). The *Mickey* court found *Phillips* unpersuasive, noting that the Iowa Supreme Court failed to even consider the personal injury exclusion in 26 U.S.C. § 104(a)(2). *Id.* at 213–14.

> *Phillips* simply ignores the fact that, even assuming that the term "compensation" includes other types of pay for lost wages, damages for lost wages due to personal injury are treated differently than are other lost wages under both section 104(a)(2) of the Code and federal case law. *Phillips* does not even mention the fact that amounts recovered in suits or settlements for personal injury are not included within the definition of income or wages, and are not subject to income or FICA taxes, and this Court finds the failure to address this argument fatal to its position.

*Id.* at 213–14 (internal citation omitted) (footnote omitted) (citing *Commissioner v. Schleier*, 515 U.S. 323, 333–34, 115 S.Ct. 2159, 132 L.Ed.2d 294 (1995)). The *Mickey* court concluded "[t]he RRTA does not require employers to withhold RRTA taxes on a personal injury plaintiff's FELA award" and that "[d]amages received through a suit or settlement for personal injuries, including damages for lost wages, are not subject to income tax or, normally, to retirement taxes." *Id.* at 208.

This Court is persuaded by the well-reasoned and extremely thorough decision by the Honorable E. Richard Webber, Senior District Judge for the Eastern District of Missouri, in *Cowden.* Judge Webber's reasoning in *Cowden* applies equally here. That is, at bottom, the entire amount awarded to Marlin was based upon his physical injury, "which almost by definition is personal." *Cowden,* 2014 WL 3096867, at *11 (quoting *Rickel,* 900 F.2d at 658). The application of the § 104(a)(2) exclusion accords with *Lindsey v. C.I.R.,* in which the Eighth Circuit held that for a recovery to "be excluded under I.R.C. § 104(a)(2), a taxpayer must establish two independent criteria: (1) prosecution or settlement of an underlying claim based on tort or tort-type rights, and (2) receipt of damages 'on account of personal [physical] injuries or [physical] sickness.'" *Lindsey v. C.I.R.,* 422 F.3d 684, 688 (8th Cir.2005) (alterations in original) (quoting *Schleier,* 515 U.S. at 337, 115 S.Ct. 2159).

At trial, Marlin presented evidence showing that he sustained a physical injury as a result of BNSF's negligence as well as evidence showing that *based upon his physical injury* he sustained past wage loss and would sustain future wage loss. In submitting the issue to the jury, the Court followed the Eighth Circuit Manual of Model Civil Jury Instruction No. 15.40, which lists the elements of a FELA negligence claim, and instructed the jury as follows:

> Your verdict must be for the Plaintiff and against the Defendant if all of the following elements have been proved:
>
> First, the Plaintiff was an employee of the Defendant; and
>
> Second, Defendant failed to provide reasonably safe conditions for work in that Defendant, through its employees, failed to stop its coal train and collided with the rear of Plaintiff's stopped train.
>
> Third, Defendant in any one or more of the ways described in Paragraph Two was negligent; and

Fourth, that negligence played any part in causing injury to the Plaintiff.

You are instructed that the Plaintiff and the Defendant have stipulated, that is agreed, that Plaintiff Randall Marlin was an employee of Defendant BNSF, that Defendant BNSF failed through its employees to stop its coal train from colliding with the rear of Plaintiff Randall Marlin's stopped train, and that Defendant BNSF through its employees was negligent in that failure. Therefore, you must consider the first three elements as proven.

If element four has not been proved, then your verdict must be for the Defendant. Final Jury Instr. No. 13, ECF No. 78.

Likewise, regarding damages, the Court followed the Eighth Circuit Manual of Model Civil Jury Instruction No. 15.70, and instructed,

If you find in favor of the Plaintiff, then you must award the Plaintiff such sum as you find by the greater weight of the evidence will fairly and justly compensate the Plaintiff for any damages you find the Plaintiff sustained and is reasonably certain to sustain in the future as a direct result of the occurrence mentioned in the evidence. You should consider the following elements of damages:

1. The physical pain and mental suffering the Plaintiff has experienced and is reasonably certain to experience in the future; the nature and extent of the injury, whether the injury is temporary or permanent and whether any resulting disability is partial or total, including any aggravation of a preexisting condition;

2. The earnings the Plaintiff has lost to date and the present value of earnings the Plaintiff is reasonably certain to lose in the future.

Remember, throughout your deliberations you must not engage in any speculation, guess, or conjecture and you must not award any damages by way of punishment or through sympathy.

Final Jury Instr. No. 15, ECF No. 78. The jury returned a general verdict in favor of Marlin in the amount of $75,000. Redacted Verdict, ECF No. 76. Applying the rationale in *Cowden*, the Court finds the entire amount of the jury award is excludable from RRTA withholdings under § 104(a)(2) because it is based upon Marlin's physical injury.[3]

## III. CONCLUSION

For the reasons stated, Defendant's Motion for Order Releasing and Discharging Judgment, ECF No. 89, must be **denied**. BNSF wrongfully withheld $3,698.36 from Plaintiff's Judgment. Marlin is entitled to

---

**3.** In *Loos v. BNSF Railway Co.*, No. 13–cv–3373 (PAM/FLN), 2015 WL 8779813, at *1 (D.Minn. Dec. 15, 2015), another case against the railroad by a former railroad employee alleging personal injuries due to the railroad's negligence, the jury returned a special verdict that delineated separate damage awards for (1) pain, disability, and emotional distress; (2) past wage losses; and (3) past medical expenses. As in the present case, the parties disputed the railroad's withholding of RRTA taxes. In addressing the issue, the Honorable Paul A. Magnuson, Senior District Judge for the District of Minnesota, adopted Judge

Webber's reasoning in *Cowden* and concluded that "when an award is received for a personal injury ... the whole award is excludable from income under 26 U.S.C. § 104(a), even if included in the award is an amount for lost earnings." *Id.* at *2 (quoting *Cowden*, at *11). On January 15, 2016, BNSF appealed that order, opening the door for guidance from the Eighth Circuit on the propriety of RRTA withholdings from personal injury awards and whether a special verdict delineating lost wages from other damages subjects the lost wages portion of the award to RRTA taxes. *See Loos v. BNSF*, No. 16–1123 (8th Cir.).

Judgment, exclusive of post-judgment interest, in the amount of $73,390.97, which represents the jury award ($75,000) plus costs taxed ($2,878.97) minus the RRB lien ($4,488.00). Within ten (10) days of this Order, BNSF is to advise the Court how to disburse the $69,757.53, which BNSF deposited with the Clerk of Court on November 20, 2015.

**IT IS SO ORDERED.**