# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| TREVOR MCCARDLE,<br>　　　　　Appellant,<br><br>　　　　v.<br><br>EQUAL EMPLOYMENT<br>　　OPPORTUNITY COMMISSION,<br>　　　　　Agency. | DOCKET NUMBER<br>SF-0752-15-0230-X-1<br><br><br>DATE: May 13, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Cori M. Cohen, Esquire, and Stephanie M. Herrera, Esquire, Silver Spring,
　Maryland, for the appellant.

Holly V. Franson, Esquire, Denver, Colorado, for the appellant.

Neil C. Bonney, Esquire, Virginia Beach, Virginia, for the appellant.

Yolanda Acuna, South Gate, California, for the appellant.

Anabia Hasan, Esquire, Alexandra Schwartzman, and Natasja D. H. Handy,
　Esquire, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**FINAL ORDER**

This case is before the Board pursuant to the May 24, 2023 compliance initial decision of the administrative judge, which found the agency not in compliance with the Board's January 6, 2023 nonprecedential Final Order. *McCardle v. Equal Employment Opportunity Commission*, MSPB Docket No. SF-0752-15-0230-C-1, Compliance File (CF), Tab 8, Compliance Initial Decision (CID); *McCardle v. Equal Employment Opportunity Commission*, MSPB Docket No. SF-0752-15-0230-I-1, Final Order (Jan. 6, 2023) (Final Order). For the reasons set forth below, we find the agency in compliance and DISMISS the petition for enforcement.

**DISCUSSION OF ARGUMENTS AND EVIDENCE ON COMPLIANCE**

On January 2, 2015, the appellant appealed his indefinite suspension. *McCardle v. Equal Employment Opportunity Commission*, MSPB Docket No. SF-0752-15-0230-I-1, Initial Appeal File (IAF), Tab 1. On December 28, 2015, the administrative judge cancelled the appellant's suspension and ordered that he be retroactively restored to his position and paid the appropriate amount of back pay, but found that the appellant failed to prevail on his affirmative defenses of reprisal for whistleblowing and Equal Employment Opportunity activities, as well as his claim that his Fourth Amendment rights were violated. IAF, Tab 74, Initial Decision at 11, 18-19.

The agency filed a petition for review, and the appellant filed a cross-petition for review. *McCardle v. Equal Employment Opportunity Commission*, MSPB Docket No. SF-0752-15-0230-I-1, Petition for Review File, Tabs 3, 15. On January 6, 2023, the Board issued its Final Order, ordering the agency to rescind the indefinite suspension, restore the appellant effective December 8, 2014, and pay the appellant the appropriate amount of back pay, interest on the back pay, and other benefits. Final Order at 23. The Board also took official notice that the appellant had passed away on August 4, 2019, and his

counsel had untimely moved to substitute his current wife, Yolanda Acuna, as his "sole beneficiary." *Id.* at 1, n.1. The Board further held that though the motion for substitution was untimely, "we find it appropriate to continue with the processing of [the] appeal. Both Ms. Acuna and Mr. McCardle will be referred to as 'the appellant.'" *Id.*

On April 14, 2023, the substitute party appellant filed a petition for enforcement, contending that the agency had not yet fulfilled the Board's order to pay her the appropriate amount of back pay and interest. CF, Tab 1. On April 20, 2023, the agency filed a "request for guidance re backpay," explaining that, although Ms. Acuna was now a substituted party, in 2010, the appellant had signed a Standard Form 1152 (SF-1152), entitled "Designation of Beneficiary-Unpaid Compensation of Deceased Civilian Employee," which designated his then-wife, Monica McCardle (now Monica Gaya), as his beneficiary. CF, Tab 3 at 21. The agency requested "guidance from the Board as to how to properly direct payment to the Appellant's estate." *Id.* at 6. On the same day, the administrative judge issued an opinion denying the agency's request for guidance, because "the Board is prohibited from issuing advisory opinions." CF, Tab 4 at 1.

On May 24, 2023, the administrative judge issued a compliance initial decision, holding that the agency "failed to meet its burden of proving it has complied with the Board's final order to pay the appellant the correct amount of back pay, interest on back pay, and other benefits for the indefinite suspension period at issue that was effective December 28, 2014." CID at 11.[2]

---

[2] The compliance initial decision informed the agency that, if it decided to take the actions required by the decision, it must submit to the Clerk of the Board, within the time limit for filing a petition for review under 5 C.F.R. § 1201.114(e), a statement that it has taken the actions identified in the compliance initial decision, along with evidence establishing that it has taken those actions. CID at 11-12; *see* 5 C.F.R. § 1201.183(a)(6)(i). The compliance initial decision also informed the parties that they could file a petition for review if they disagreed with the compliance initial decision. CID at 12-13; *see* 5 C.F.R. §§ 1201.114(e), 1201.183(a)(6)(ii). Neither party petitioned for review of the compliance initial decision.

On June 6, 2023, the agency submitted a "Response Demonstrating Compliance With Board's May 24, 2023 Order." *McCardle v. Equal Employment Opportunity Commission*, MSPB Docket No. SF-0752-15-0230-X-1, Compliance Referral File (CRF), Tab 1. The agency provided evidence that it had issued the ordered back pay in the amount of $74,003.11 to the appellant's designated beneficiary, Ms. Gaya. *Id.* at 5, 17-26. The agency also attached correspondence from the Office of Personnel Management to the agency stating that 5 U.S.C. § 5582 and 5 C.F.R. § 178.204 require the agency to pay the money due the appellant to the designated beneficiary. *Id.* at 7. Following the agency's submission, the Office of the Clerk of the Board issued an Acknowledgement Order notifying the parties that a new docket number had been assigned (reflecting the referral of the matter to the Board for a final compliance determination) and notifying the substitute appellant of her right to respond to the agency's submission within 20 days. CRF, Tab 2 at 1-2.

On June 14, 2023, Ms. Acuna submitted her "Response to Acknowledgement Order." CRF, Tab 3. In her response, Ms. Acuna contends that the agency has not complied with the Board's Final Order because it issued the back pay to the wrong person. *Id.* at 5-6. She argues the appellant's SF-1152 form does not govern the payment of back pay because back pay is not governed by 5 U.S.C. § 5582, but instead by 5 U.S.C. § 5596 ("Back pay due to unjustified personnel action"). *Id.*

On June 27, 2023, the agency submitted a reply to appellant's response, arguing that the SF-1152 was in full force and effect unless the appellant expressly revoked it in writing, transferred to another agency, or was reemployed by the same or another federal agency or department, none of which had occurred. CRF, Tab 5 at 5.

On June 28, 2023, Ms. Acuna filed an "Appellant's Objection and Reply to Agency's June 27, 2023 Response" contending that "a retirement specialist" she had consulted stated that the SF-1152 "has nothing to do with backpay for an

MSPB case" but instead "is used to 'clean up' all incidentals of pay due as a result of a government employee's death." CRF, Tab 6 at 4-5.

## ANALYSIS

The agency bears the burden of proving that it has complied with a Board order. *Mercado v. Office of Personnel Management*, 115 M.S.P.R. 65, ¶ 4 (2010). The agency is required to produce relevant, material, and credible evidence of compliance in the form of documentation or affidavits. *Spates v. U.S. Postal Service*, 70 M.S.P.R. 438, 443 (1996). The appellant may rebut the agency's evidence of compliance by making "specific, nonconclusory, and supported assertions of continued noncompliance." *Brown v. Office of Personnel Management*, 113 M.S.P.R. 325, ¶ 5 (2010).

Here, the agency's outstanding compliance issue was to pay the appropriate amount of back pay and interest on the back pay. CID at 11. The agency has submitted a narrative statement, supported by evidence, explaining that it has provided the designated beneficiary with all back pay and benefits owed. CRF, Tab 1 at 17-26. Neither party has contested the agency's calculations or its evidence that the resulting payment was issued. The only question remaining is whether Monica Gaya, the designated beneficiary on the apparently valid SF-1152 form signed by the appellant, is the appropriate recipient of the back pay and benefits. We hold that she is.

5 U.S.C. § 5582(b) and 5 C.F.R. § 178.204 provide an order of precedence for "money due an employee at the time of his death." The first in the order of preference is "the beneficiary or beneficiaries designated by the employee in a writing received in the employing agency before his death." Here, the appellant's SF-1152 Designation of Beneficiary form, which states that it applies to "unpaid compensation due and payable after [the employee's] death," designated Ms. Gaya as his beneficiary.

Ms. Acuna does not contest that the beneficiary form designated Ms. Gaya, but argues that although the form is otherwise valid, it should not control, because back pay is not "unpaid compensation," but "represents money owed to [the appellant] which has nothing to do with his death or money earned just prior to his death." CRF, Tab 3, at 5-6. We find, however, that back pay is "unpaid compensation," and thus falls within the definition of "money due" to the appellant at the time of his death under 5 U.S.C. § 5581(2) and 5 C.F.R. § 178.202(b). *See Bario v. Department of Justice*, 9 M.S.P.R. 170, 173 (1981) ("Under 5 U.S.C. §§ 5583(a) and 5596, any back pay that might be owed to the appellant as the result of this appeal would be payable to the appellant's widow, since the appellant apparently never designated another beneficiary"); *cf. Equal Employment Opportunity Commission v. Baltimore County*, 904 F.3d 330, 332 n.3 (4th Cir. 2018) (back pay generally encompasses the compensation an employee would have received but for the employer's violation of law); *Noel v. New York State Office of Mental Health Central New York Psychiatric Center*, 697 F.3d 209, 213 (2d Cir. 2012) (Title VII judgments for back pay are "wages" as defined under the Internal Revenue Code). Accordingly, we hold that the agency properly paid the back pay amount to the appellant's designated beneficiary, Ms. Gaya, and not to Ms. Acuna.

For the reasons discussed above, we find the agency in compliance and DISMISS the petition for enforcement. This is the final decision of the Merit Systems Protection Board in this compliance proceeding. Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

### NOTICE TO THE APPELLANT REGARDING YOUR RIGHT TO REQUEST ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set out at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The

regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your attorney fees motion with the office that issued the initial decision on your appeal.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.