10-3483-cv
Noel v. New York State Office of Mental Health

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

_____

August Term, 2011

(Argued: March 7, 2012                    Decided: August 31, 2012)

Docket No. 10-3483-cv

_____

IAN NOEL,

*Plaintiff-Appellee*,

v.

NEW YORK STATE OFFICE OF MENTAL HEALTH CENTRAL NEW YORK PSYCHIATRIC CENTER,

*Defendant-Appellant*.

Before: KATZMANN, B.D. PARKER & WESLEY, *Circuit Judges*.

_____

Appeal from a decision of the United States District Court for the Northern District of New York (Hurd, *J.*) holding that Defendant-Appellant improperly made income tax, Federal Insurance Contributions Act (FICA) tax and other deductions from a Title VII judgment for back and front pay in favor of Plaintiff-Appellee. We hold that such Title VII awards constitute "wages" under the Internal Revenue Code and, as such, are subject to statutory withholding. AFFIRMED in part and REVERSED and REMANDED in part.

_____

A.J. BOSMAN, Bosman Law Firm L.L.C., Rome, NY, *for Plaintiff-Appellee*.

KATE H. NEPVEU, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Andrew D. Bing, Deputy Solicitor General, *on the brief*), Albany, NY, *for* Eric T. Schneiderman, Attorney General of the State of New York, *for Defendant-Appellant*.

Gilbert S. Rothenberg, Acting Deputy Assistant Attorney General (Steven Parks & Marion E.M. Erickson, Attorneys, Tax Division, Appellate Section, Department of Justice, *on the brief*), Washington, DC, *for* the United States of America *as amicus curiae in support of Defendant-Appellant*.

BARRINGTON D. PARKER, *Circuit Judge*:

In 2008 a jury determined that the State Office of Mental Health Central New York Psychiatric Center had terminated Ian Noel in violation of Title VII of the Civil Rights Act of 1964 and awarded him back and front pay. The United States District Court for the Northern District of New York (Hurd, *J.*) entered a money judgment, and the State forwarded the judgment to the New York State Office of the Comptroller ("OSC") for payment. Considering the payment as one for "wages," the OSC made various deductions – mainly for state and federal taxes – and forwarded a check for the balance directly to Noel, ostensibly in full satisfaction of the judgment.

Noel objected to the deductions and moved to require the State to pay him the full dollar amount of the judgment. The court granted the motion. It held that the State lacked the authority to make the deductions without prior court approval and ordered the State to re-pay directly to Noel the full amount of the deductions. Although it was clear that Noel would be able to claim credits against his income tax liability for the taxes withheld and paid on his behalf by the OSC, the court nonetheless required, in effect, double payment to Noel. This appeal followed. We conclude that he was not entitled to this windfall.

**BACKGROUND**

In 2005 Noel was terminated from his job at the Central New York Psychiatric Center. Prior to his termination, he had cooperated in a formal investigation of race discrimination by his supervisors, and he brought a retaliation claim arising from this episode. Noel prevailed at trial,

and a jury awarded him $210,000 in back pay, $70,00 in front pay, and $120,000 for emotional distress. The State appealed. We reversed the $120,000 emotional distress award for lack of evidence but otherwise affirmed the judgment. *See Noel v. N.Y. State Office of Mental Health Cent. N.Y. Psychiatric Ctr.*, 361 F. App'x 196 (2d Cir. 2010). Thereafter Noel sought, and obtained, an amended judgment in the amount of $318,217.48, including $280,000 for back and front pay.

The State forwarded the judgment to the OSC for payment. Without seeking to amend or resettle the judgment – and without notice to counsel or to the district court – the OSC made various deductions and mailed a check for $139,582.52 directly to Noel.[1] Noel objected to the deductions and moved under Rule 70(a) for full satisfaction of the judgment and for sanctions. *See* Fed. R. Civ. P. 70(a), (e). In response, the State took the position that, because the judgment was for back and front pay, which it understood to be "wages," the OSC was obligated by the Internal Revenue Code and state law to make the deductions and forward them to the relevant taxing authorities. The State pointed out that, when Noel filed his state and federal returns, he would be entitled to claim dollar for dollar credits against his income tax liability based on the taxes withheld and remitted on his behalf. Def. Aff. in Opp'n to Noel's Order to Show Cause at 2, March 31, 2011, ECF No. 134. To avoid what, it contended, would be a significant,

---

[1] The check listed $280,000 as Noel's "earnings" and noted the following deductions on the check: Federal Withholding: $94,074.28; Medicare: $4,060; Social Security: $6,621.60; N.Y. Withholding: $27,242.54; Retirement Contribution: $8,400; and Union Dues: $19.06. J.A. 89. Aside from a few passing references to retirement benefits and union dues, *see* Appellant Br. at 4, 21, the State's briefs contain no discussion or analysis of its authority to withhold these particular amounts. Because the State fails adequately to defend these deductions, we do not consider them. *See F.T.C. v. Verity Int'l., Ltd.*, 443 F.3d 48, 65 (2d Cir. 2006); *United States v. Joyner*, 313 F.3d 40, 44 (2d Cir. 2002); *United States v. Quiroz*, 22 F.3d 489, 490-91 (2d Cir. 1994); Fed. R. App. P. 28(a)(5), (9).

3

undeserved windfall to Noel, the State argued that it should not be required to also pay to Noel the withheld taxes.

The court was not persuaded. It disagreed that the check for $139,582.52 satisfied the judgment since the State was unable to "submit examples of prior cases in which it withheld portions of plaintiff's back and front pay awards." *Noel v. N.Y. State Office of Mental Health Cent. N.Y. Psychiatric Ctr.*, No. 6:06-CV-788, 2010 WL 7701134, at *2 (N.D.N.Y. July 30, 2010); *see also* Entry Granting Order to Show Cause, April 4, 2011, ECF No. 141. The court granted Noel's motion and chastised the State for sending the check directly to him without either consulting or copying his counsel or the court, or requesting a ruling from the court as to the legal status of such deductions. Because the State was unable to provide "legal authority in support of its decision to withhold a significant portion of plaintiff's amended judgment," *Noel*, 2010 WL 7701134, at *2, the court ordered the State to pay the balance of the final judgment, plus additional attorney's fees and costs. Although the court concluded that the State's actions were not sanctionable, *id*. at * 3, it found that the State's failure to consult Noel's counsel about the "many complicated and complex 'deductions'" was inexcusable. *Id*. at *2. In 2010, the court entered a judgment in the amount of $164,987.59, representing a second payment of the monies previously withheld and paid over, plus interest and fees. The State paid the new judgment and appealed.

We review a district court's interpretation of its judgment for abuse of discretion and review the legal conclusions underlying a district court's decision *de novo*. *See Garcia v. Yonkers Sch. Dist*., 561 F.3d 97, 102 (2d Cir. 2009). We consider the views expressed by the United States

4

as *amicus curiae* for their persuasive value. *See Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944).

**DISCUSSION**

The State argues that Title VII awards for back and front pay are "wages" when paid by an employer irrespective of whether such payment is made through a settlement or a final judgment, and, as such, it was required by law to withhold taxes. Appellant Br. at 11; Reply Br. at 5. The United States supports this position, arguing that the district court's decision is incorrect as a matter of law because it "penalizes the State for fulfilling its legal duty," Amicus Br. at 2. Noel's primary response is that the State lacked authority to treat back and front pay incorporated in a judgment as "wages" without either seeking a ruling from the district court to that effect or pointing to specific authority that compels that result.

The Internal Revenue Code broadly defines income as "all income from whatever source derived." I.R.C. § 61(a). Noel does not seriously dispute that Title VII back and front pay awards normally are income, *see id*. § 104(a), but argues instead that, when the source of the obligation to pay is a judgment, the payment is not subject to withholding because the payment is for the judgment and not for "wages." We disagree and hold that payments pursuant to Title VII judgments for back and front pay are "wages" as defined under the Internal Revenue Code and, as such, employers are required to withhold income and Federal Insurance Contributions Act ("FICA") taxes.[2] Moreover, we conclude that – although district courts have discretion to oversee the procedure by which these deductions are taken – the district court should not have ordered the double payment.

---

[2]  The federal definition of "wages" has been adopted by the State of New York. N.Y. Tax Law § 607(a). For the same reasons as discussed *infra*, and in light of the mandatary nature of New York's income tax withholding statute, *see id.* § 671 (requiring New York State employers to deduct and withhold personal income tax from wages), we hold also that the State was statutorily obliged to withhold New York income taxes from the final judgment.

5

The Code defines "wages" for purposes of income tax withholding as "all remuneration . . . for services performed by an employee for his employer," *id*. § 3401(a). The Code defines "wages" for purposes of FICA withholding in a substantially similar manner as "all remuneration for employment," *id*. § 3121(a), where "employment" is defined as "any service, of whatever nature, performed . . . by an employee for the person employing him." *Id*. § 3121(b). For purposes of withholding, we construe that Congress intended its definition of "wages" to be interpreted in the same manner for FICA and income-tax withholding.[3] *See Rowan Cos., Inc. v. United States*, 452 U.S. 247, 257 (1981).

The remedial provisions of Title VII authorize front and back pay. *See* 42 U.S.C. § 2000e-5(g)(1). Back pay is "an amount *equal to the wages* the employee would have earned from the date of discharge to the date of reinstatement, along with lost fringe benefits such as vacation pay and pension benefits." *United States v. Burke*, 504 U.S. 229, 239 (1992) (emphasis added), superseded by statute on other grounds. Front pay is "simply money awarded for lost compensation during the period between judgment and reinstatement or in lieu of reinstatement." *Pollard v. E.I. du Pont de Nemours & Co.*, 532 U.S. 843, 846 (2001); *see also id*. at 853 ("We see no logical difference between front pay awards made when there eventually is reinstatement and those made when there is not.").

---

[3] Congress enacted the predecessor provision of FICA as Title VIII of the Social Security Act of 1935, ch. 531, 49 Stat. 636. It chose "wages" as the base for taxation and required that this tax be collected by employers from employee wages as and when paid, § 802(a), 49 Stat. 636. Congress originated the present income tax withholding system in § 172 of the Revenue Act of 1942, 56 Stat. 884, and it again chose "wages" as the base, 56 Stat. 888. The purpose of an income tax withholding system is, in part, to reduce the likelihood that the IRS will need to resort to levies to extract taxes from recalcitrant taxpayers. *See United States v. Am. Friends Serv. Comm.*, 419 U.S. 7, 10 n.6 (1974).

We have little difficulty in concluding that both back pay and front pay are "wages" as defined by the Internal Revenue Code.[4] I.R.C. § 3401(a); *id.* § 3121(a). Both are remuneration paid to an employee to compensate for what he would have earned had he not been the victim of discrimination. The Code requires that employers withhold taxes from remuneration paid to an employee for "services performed by an employee for his employer," *id.* § 3401(a) (income tax), or for remuneration for "any service, of whatever nature, performed . . . by an employee for the person employing him," *id.* § 3121(a), (b) (FICA tax). The term "service performed" means "not only work actually done but the entire employer-employee relationship for which compensation is paid to the employee by the employer." *Soc. Sec. Bd. v. Nierotko*, 327 U.S. 358, 365-66 (1946).[5]

Both Noel's back and front pay were calculated with express reference to his employment relationship with the State and to all the wages and benefits that would have accrued absent the

---

[4]    In reaching this conclusion, we join a number of our Sister Circuits who have held that awards of back and front pay constitute "wages" subject to statutory withholding. *See Rivera v. Baker West, Inc.*, 430 F.3d 1253, 1258-59 (9th Cir. 2005) (holding that a Title VII settlement payment for back pay and lost wages constituted "wages" subject to income tax withholding); *Ramos v. Davis & Geck, Inc.*, 224 F.3d 30, 32 (1st Cir. 2000) (noting in an Age Discrimination in Employment Act ("ADEA") case, "we think it self-evident that [plaintiff] is . . . subject to [FICA and state income tax] withholding for the back pay award he actually did receive") (emphasis omitted); *Gerbec v. United States*, 164 F.3d 1015, 1026 (6th Cir. 1999) (holding, in the Employee Retirement Income Security Act ("ERISA") context, that a settlement for back wages and future wages is properly understood to be "wages" subject to FICA taxation); *Mayberry v. United States*, 151 F.3d 855, 860 (8th Cir. 1998) (same); *Hemelt v. United States*, 122 F.3d 204, 209 (4th Cir. 1997) (same); *Blim v. Western Elec. Co.*, 731 F.2d 1473, 1480 n.2 (10th Cir. 1984) ("Back pay is taxable to the plaintiffs and subject to income tax and social security withholding."). *But see Dotson v. United States*, 87 F.3d 682, 690 (5th Cir. 1996) (holding that, since front pay compensates for a "loss in earning capacity," it is not compensation "for services already performed" and thus – unlike back pay – it is not subject to wage withholding).

[5]    The definition of wages at issue in *Nierktko* is identical to the definition of wages in the FICA statute at issue here. *Compare Nierotko*, 327 U.S. at 362 (defining wages under Title II of the Social Security Act, 49 Stat. 625, as "all remuneration for employment") *with* I.R.C. § 3121(a) (defining wages as "all remuneration for employment").

State's unlawful discrimination.[6] These amounts are "wages" because they constitute "remuneration" for services during an employee-employer relationship. "Employment" is defined broadly as "*any* service, of whatever nature, performed . . . by an employee for the person employing him." I.R.C. § 3121(b) (emphasis added). Noel does not dispute that, had there been no judgment, these earnings would have been subject to withholding. We believe that this result is not changed because Noel had to obtain a judgment to secure the wages.

The obligation on employers to collect taxes by withholding a specified portion of the tax from wages paid is mandatary. Specifically, I.R.C. § 3102(a) provides that FICA taxes "shall be collected by the employer . . . as and when paid." Likewise, the Code uses mandatory language with respect to the withholding of income taxes. *See id*. § 3402(a)(1) ("[E]very employer making payment of wages *shall deduct and withhold upon such wages* a tax determined in accordance with tables or computational procedures prescribed by the Secretary.") (emphasis added)). Moreover, an employer who fails to withhold FICA and income taxes from the wages of his employees, or who fails to pay those withheld taxes over to the government, can be held personally liable for an amount that is equal to the amount that should have been withheld and paid over. *See id*. § 6672; *see also Hochstein v. United States*, 900 F.2d 543, 546-47 (2d Cir. 1990) (describing the elements of personal liability for willfully failing to withhold taxes).

In view of these well understood requirements, we have no difficulty understanding why the OSC believed it was obligated to withhold federal and state taxes as well as FICA, as that

---

[6] The court charged the jury, when calculating damages, to consider "the income and benefits [Noel] has lost and the value of the income and benefits the plaintiff is reasonably certain to lose in the future because of defendants' discriminatory termination of his employment." Tr. of July Trial at 180, Feb. 13, 2008, ECF No. 68. Noel testified about his salary, which ranged between $38,000 the year he was fired to $70,000 a year when he worked extensive overtime. *See* Tr. of Jury Trial at 70, Feb. 11, 2008, ECF No. 67.

obligation is implied in a Title VII judgment for back and front pay. But the propriety of other deductions such as retirement contributions and union dues from the judgment was not so straightforward, and we understand why the district court criticized the State for treating them in a somewhat bureaucratic manner. For example, the OSC should not have forwarded the check directly to Noel instead of to his counsel, and the propriety of these other deductions would have benefitted from prior consultation with opposing counsel. But, while the State may have acted inadvisably in this regard, we do not read the record to establish that it acted contumaciously. On the contrary, the record on the Rule 70 motion suggests that the State's counsel did not raise the issue of deductions in advance because it simply did not contemplate that the OSC would unilaterally withhold taxes and other deductions and then send the check directly to Noel.[7]

Although the state may not have conducted itself to the Queen's taste,[8] we nonetheless consider the remedy imposed by the district court to have been excessive. Here, the district court awarded a double benefit to Noel, ordering the State to pay directly to him amounts already paid on his behalf in satisfaction of his tax liabilities. As noted, the judgment reflected wages subject to

---

[7] In oral argument on the Rule 70 motion, the State explained that it simply "fills out a form" and then sends this "paperwork" to the Comptroller's office, and that the "controller's [sic] office paid the judgment in full." J.A. at 66. When the court asked if the State reached out to Noel's counsel "as to the details about settling this judgement," the State disclaimed any responsibility, stating: "Your Honor, my office did not make the deductions." *Id.* at 60-61.

Where the parties anticipate that the determination of the correct amount of deductions may be complicated or disputed, a helpful approach would be for the court to have the parties settle a judgment on notice. If the areas of disagreement do not crystalize until after the judgment has been entered, and cannot be resolved by the parties, they could request that the court amend the judgment. *See* Fed. R. Civ. P. 60(b).

[8] The court awarded $13,300 to plaintiff's counsel for the cost of bringing the Rule 70(a) motion. The State makes no argument that these fees should be reversed, and we conclude that an award of attorney's fees is appropriate where, as here, the State's failure to consult with the plaintiff has created needless litigation.

9

mandatory withholding, and the failure to withhold can generate significant penalties as well as personal liability. The withheld taxes were not retained by the State but were paid over for Noel's benefit. The district court's requirement that the State again pay that amount to Noel constituted an inappropriate hit to the public fisc and an undeserved windfall to him. In other words, the State paid too steep a penalty for what occurred.

## CONCLUSION

For the reasons stated above, we REVERSE the district court's decision in part and AFFIRM in part. We REMAND with instructions to the court to order Noel to re-pay to the State the amount of state and federal income tax and FICA tax initially withheld, and then paid to him, pursuant to the court's August 16, 2010 judgment. We affirm the judgment with respect to the State's re-payment to Noel of amounts withheld for retirement contributions and union dues, as well as the court's award of attorney's fees.