Subway Int'l B.V. v. Bletas

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of February, two thousand thirteen.

PRESENT:
　　　　　JOHN M. WALKER, JR.,
　　　　　ROBERT A. KATZMANN,
　　　　　GERARD E. LYNCH,
　　　　　　　*Circuit Judges.*

_____

Subway International B.V.,

　　　　　　*Plaintiff-Appellee*,

　　　　v.　　　　　　　　　　　　　　　　12-1204

Panayota Bletas,

　　　　　　*Defendant-Appellant*,

John Bletas,

　　　　　　*Defendant*.

_____

FOR PLAINTIFF-APPELLEE**:**　　　Michael Kenny (Aaron S. Bayer and Bethany L. Appleby), Wiggin and Dana LLP, New Haven, CT.

FOR DEFENDANT-APPELLANT**:**　　Panayota Bletas, *pro se*, Athens, Greece.

Appeal from a judgment of the United States District Court for the District of Connecticut (Hall, *J*.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Appellant Panayota Bletas, proceeding *pro se*, appeals from the district court's judgment granting Subway International B.V.'s ("SIBV") application for confirmation of an arbitration award. Ms. Bletas raises three principal arguments: (1) the district court did not have personal jurisdiction over her because she did not receive proper service of process; (2) the arbitrator's award was barred by *res judicata*; and (3) the arbitration award cannot be confirmed because it violated public policy. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

It is well settled that lack of personal jurisdiction is a defense that can be waived by failure to assert it seasonably or by submission through conduct. *See Neirbo Co. v. Bethlehem Shipbuilding Corp.*, 308 U.S. 165, 168 (1939). We review a district court's ruling that a defendant waived or forfeited a personal jurisdiction defense for abuse of discretion. *See Hamilton v. Atlas Turner, Inc.*, 197 F.3d 58, 60 (2d Cir. 1999). The district court did not abuse its discretion in concluding that Ms. Bletas forfeited her improper service defense by participating in a settlement conference and filing multiple motions without mentioning the defense.[1] *See Datskow v. Teledyne, Inc.*, 899 F.2d 1298, 1303 (2d Cir. 1990); *Hamilton*, 197 F.3d at 61-62.

---

[1] Ms. Bletas contends for the first time in her reply brief that she actually did raise her improper service defense during the settlement conference. It is not clear whether she made the same claim to the district court, which would have been in a much better position to determine its accuracy. In any event, we will not consider her contention because Ms. Bletas did not raise it in her opening brief to this court. *See Evangelista v. Ashcroft*, 359 F.3d 145, 156 n.4 (2d Cir. 2004) ("[We] will not consider an argument raised for the first time in a reply brief." (internal quotation marks omitted)).

We also reject Ms. Bletas's argument that a prior arbitration award precluded the award involved in this case under the doctrine of *res judicata*. The prior arbitration award cited by Ms. Bletas cannot preclude the award at issue in this case because the claims asserted in this arbitration could not have been raised in the prior one. *See Allen v. McCurry*, 449 U.S. 90, 94 (1980). As the district court ably explained, the two arbitration proceedings involved separate franchise agreements that, per the terms of the agreements, could not have been arbitrated in the same proceeding.

Finally, with respect to the district court's confirmation of the arbitration award, we review findings of fact for clear error and conclusions of law *de novo*. *See Idea Nuova, Inc. v. GM Licensing Grp., Inc.*, 617 F.3d 177, 180 (2d Cir. 2010). Upon such review, we conclude that Ms. Bletas's appeal is without merit substantially for the reasons articulated by the district court in its order granting SIBV's application.

We decline to consider the numerous arguments that Ms. Bletas raises for the first time on appeal. *See Singleton v. Wulff*, 428 U.S. 106, 120-21 (1976); *Virgilio v. City of N.Y.*, 407 F.3d 105, 116 (2d Cir. 2005). We have considered all of Ms. Bletas's arguments that are properly before us and find them to be without merit. Accordingly, the judgment of the district court is hereby **AFFIRMED**.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk

3