**Julian GUERRA, Appellant**

v.

**L&F DISTRIBUTORS, LLC, Appellee**

**No. 04-16-00233-CV**

Court of Appeals of Texas, San Antonio.

Delivered and Filed: May 24, 2017

---

APPELLANT ATTORNEY: Lara Brock, The Espinoza Law Firm, 2211 Danbury St, San Antonio, TX 78217-5910, Javier Espinoza, The Espinoza Law Firm, PLLC, 2211 Danbury St., San Antonio, TX 78217.

APPELLEE ATTORNEY: Joel Vale Jr., Atlas, Hall & Rodriguez, LLP, 818 W. Pecan Blvd., McAllen, TX 78501, Edward Michael Rodriguez, Atlas Hall & Rodriguez, LLP, P.O. Box 63699, Brownsville, TX 78520-7262.

Sitting: Sandee Bryan Marion, Chief Justice, Rebeca C. Martinez, Justice, Luz Elena D. Chapa, Justice

## OPINION

Opinion by: Luz Elena D. Chapa, Justice

After arbitration of Julian Guerra's retaliatory discharge claims against L&F Distributors, both parties requested the trial court confirm the arbitration award. The trial court rendered judgment against L&F for the amounts awarded by the arbitrator, "less any and all federally required withholdings." The trial court also entered a sanctions award against Guerra. On appeal, Guerra argues the trial court impermissibly modified the arbitration award and erred by sanctioning him. L&F contends the appeal is moot and that we lack jurisdiction because Guerra accepted payment of the sum awarded in the judgment. We hold the appeal is not moot. We further hold L&F failed to identify any ground for modification of the award under the Federal Arbitration Act and the trial court erred in rendering judgment for less than the full amount awarded in arbitration. Finally, we hold the record does not support the award of sanctions.

### BACKGROUND

Julian Guerra was injured in a vehicular accident while in the course and scope of his employment as a driver and salesman for L&F Distributors. L&F fired Guerra, and he filed suit, alleging retaliatory discharge. Guerra had signed an Employee Dispute Resolution Agreement, and the parties agreed to stay the case so the parties could arbitrate Guerra's claims.

After a two-day arbitration hearing, the arbitrator rendered a written award, ruling Guerra "is entitled to recover economic damages in the form of lost wages in the amount of $10,126.00." The arbitrator also awarded Guerra $30,000 for past mental anguish, but found Guerra had not met his burden to support awards of future mental

anguish damages, exemplary damages, or attorney's fees. The arbitrator also ordered L&F to reimburse Guerra $200 for arbitration costs. The arbitration award concluded that it "is in full settlement of all claims and counterclaims submitted to this Arbitration. All claims not expressly granted herein are hereby, denied." The award was silent as to taxes and withholding.

L&F and Guerra each filed pleadings in the district court asking the court to confirm the arbitration award. Both asked the trial court to render judgment on the amounts awarded by the arbitrator. However, L&F's motion included a request that the trial court explicitly authorize L&F to withhold taxes from the award for back pay. In addition, each party sought attorney's fees as sanctions, alleging the other had acted in bad faith and unjustifiably failed to abide by the arbitrator's determination.

At the hearing on the cross motions to confirm the arbitration award, L&F's attorney stated it had paid Guerra $30,200 for the mental anguish award and cost reimbursement. He stated the back pay award had not been paid because Guerra refused to provide a fully executed Form W4, which L&F asserted it needed in order to withhold taxes. Guerra's attorney argued that L&F was not entitled to withhold any money from the amount awarded by the arbitrator. Guerra contended L&F should have presented its argument for withholding to the arbitrator and that the trial court had no discretion to change the amount of the arbitration award. No evidence was presented on the parties' motions for sanctions and no argument was made about them. The court took the cross motions for confirmation under submission.

On January 22, 2016, the trial court signed an order granting L&F's motion to confirm and for sanctions, but did not render a judgment. The court ordered Guerra to forward executed Forms W-4 and W-9 to L&F's attorneys and ordered Guerra to pay L&F $600 "in attorney's fees and sanctions in accordance with the Texas Rules of Civil Procedure."

On February 3, 2016, after the order granting L&F's motion to confirm was issued, but before the judgment was signed, L&F sent a check and a letter to Guerra's attorney. The letter stated that "pursuant to the settlement of the above matter," L&F had enclosed a check "in the gross amount of $10,126.00 representing Mr. Guerra's claim for lost wages." However, the enclosed check was not made payable in the exact dollar amount of $10,126; it was made in the amount of $7,060.13. An accompanying document indicated that L&F had withheld $3,065.87 (30.27%) for federal income taxes, FICA and Medicare. Guerra cashed the check on February 12.

On February 17, Guerra filed a motion for reconsideration of the January 22 order. Guerra argued the trial court lacked authority to modify the arbitration award, both because no modification had been requested and because a modification was not authorized by law. Alternatively, he sought clarification on the tax rate and calculations used by L&F to support withholding at the rate of 30.27%. Guerra also argued the sanctions award was erroneous because there was no good cause for imposing the sanctions and the order failed to identify any sanctionable conduct. The trial court denied Guerra's motion.

Four months later, the trial court signed the final judgment, which decrees that Guerra have and recover against L&F the damage amounts in the categories awarded by the arbitrator, "less any and all federally required withholdings." Additionally, the judgment expressly authorizes L&F to "process the check for lost wages

in the amount of $10,126.00, less any and all federally required withholdings." Guerra appeals the judgment.

### ACCEPTANCE OF BENEFITS—L&F's MOTION FOR PARTIAL DISMISSAL OF THE APPEAL

■ L&F has filed a motion to partially dismiss this appeal as moot. It argues that by cashing the check, Guerra "voluntarily accepted the gross payment of $10,126.00," including "L&F's payment of $3,065.87 to the federal government on his behalf." Guerra responds that he only accepted the check for $7,060.13, an amount indisputably owed to him.

■ Under the acceptance-of-benefits doctrine, a "litigant cannot treat a judgment as both right and wrong, and if he has voluntarily accepted the benefits of a judgment, he cannot afterward prosecute an appeal therefrom." *Tex. State Bank v. Amaro*, 87 S.W.3d 538, 544 (Tex. 2002) (quoting *Carle v. Carle*, 149 Tex. 469, 234 S.W.2d 1002, 1004 (1950)). The doctrine is based on the principle of estoppel, which "prevents litigants from taking contradictory positions as a means of gaining an unfair advantage from the inconsistency." *Kramer v. Kastleman*, 508 S.W.3d 211, 217 (Tex. 2017). However, "as long as an appellant 'accepts only that which appellee concedes, or is bound to concede, to be due him under the judgment he is not estopped to prosecute an appeal which involves only his right to a further recovery.'" *Amaro*, 87 S.W.3d at 544 (quoting *Carle*, 234 S.W.2d at 1004). We will not dismiss an appeal under the acceptance of the benefits doctrine and deny a merits-based disposition "absent acquiescence in the judgment to the opposing party's irremediable disadvantage." *Kramer*, 508 S.W.3d at 213-14.

L&F contends that by cashing the check, Guerra conceded the propriety of the withholding. However, it is undisputed that L&F owed Guerra the $7,060.13 that Guerra received. There are no arguments made in this appeal that are inconsistent with his accepting those funds or that could result in Guerra receiving less than $7,060.13 in back wages. Because Guerra's entitlement to $7,060.13 is undisputed and unaffected by our resolution of the issue on appeal, we do not infer any acquiescence in the validity of the final judgment from his acceptance of that sum. *See id.* at 218.

L&F also contends that by cashing the check, Guerra accepted the "benefit" of L&F paying taxes that Guerra owed the government. We disagree. The record does not establish Guerra owed a tax debt or that Guerra acquiesced in the payment of the alleged debt. Neither the arbitrator nor the trial court adjudicated the amount of taxes, if any, that Guerra owed on the award. Moreover, the record contains no evidence supporting the calculation of the amount withheld. The record also does not establish that Guerra "accepted" L&F's payment of the funds to the government. Nothing on the front or back of the check Guerra cashed referred to a "settlement" or indicated in any manner that endorsement of the check would constitute full satisfaction of the arbitration award. Instead, L&F withheld 30.27% of the amount awarded by the arbitrator and notified Guerra the withheld sums were being sent to the government. The withholding and payment to the government was presented to Guerra as a *fait accompli*, not something Guerra could reject by not negotiating the check. Under these circumstances, L&F's unilateral payment to a third party does not constitute "acceptance" of a benefit that bars an appeal. We likewise reject the contention that Guerra's conduct will result in prejudice to L&F because it may be required to pay the disputed amounts

twice. Any such prejudice would be the result of L&F's unilateral act of sending the disputed funds to a third party, and not the result of Guerra negotiating a check for the undisputed amount.

L&F has not shown that Guerra impliedly or expressly acquiesced in the judgment or that Guerra's conduct resulted in irremediable prejudice to L&F. We therefore hold this appeal is not moot and we deny the motion to dismiss. *See id.* at 217-18, 227-29.

MODIFICATION OF ARBITRATION AWARD

The principal issue before us is whether the trial court impermissibly modified the arbitration award by rendering judgment in the amount of the arbitration award "less any and all federally required withholdings."

*Standard of Review*

The Employee Dispute Resolution Agreement between Guerra and L&F provided that all disputes between the parties were to be resolved by binding arbitration as the parties' "sole and exclusive remedy" and that any court having jurisdiction could enter judgment upon the award rendered by the arbitrator. The parties acknowledged in the agreement "that the relationship between the parties involves commerce" and agreed that the arbitration would be conducted pursuant to the Federal Arbitration Act (FAA). The FAA therefore governs the arbitration, the confirmation action, and this court's review. *See J.B. Hunt Transp., Inc. v. Hartman,* 307 S.W.3d 804, 808 (Tex. App.—San Antonio 2010, orig. proceeding).

■■■ When the parties' agreement provides that a court may enter a judgment on the arbitration award, the court "must" confirm the award unless one of the limited grounds for vacating the award under section 10 of the FAA or for modifying or correcting the award under section 11 of the FAA is shown. 9 U.S.C. § 9. An action for confirmation of an arbitration award is intended to be a summary proceeding, the purpose of which is to implement the arbitrator's award by making the award a final, enforceable judgment of the court. *Menke v. Monchecourt,* 17 F.3d 1007, 1009 (7th Cir. 1994). The trial court may modify or correct the arbitration award upon application of a party to the arbitration only if:

(a) "there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award,"

(b) "the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted," or

(c) "the award is imperfect in matter of form not affecting the merits of the controversy."

9 U.S.C. § 11. The party seeking to vacate or modify an arbitration award bears the burden of proving a ground therefor. *See SSP Holdings Ltd. P'ship v. Lopez,* 432 S.W.3d 487, 492 (Tex. App.—San Antonio 2014, pet. denied).

■■■ We review de novo a trial court's decision to confirm, modify or vacate an arbitration award under the FAA. *Id.* Because of the strong policy favoring arbitration, judicial review of an arbitration award is "exceedingly deferential." *BNSF R. Co. v. Alstom Transp., Inc.,* 777 F.3d 785, 787 (5th Cir. 2015). We review the entire record and indulge all reasonable presumptions in favor of the arbitration award and none against it. *SSP Holdings,* 432 S.W.3d at 492. In our review, the trial court's decision is given no deference. *Id.*

## Discussion

Guerra contends L&F neither pleaded nor presented argument to the trial court that any of the statutory grounds for modifying an arbitration award in 9 U.S.C. § 11 applies. Guerra further argues that the trial court substantively modified the award by authorizing L&F to pay him less than the amount awarded by the arbitrator. Guerra contends the reduction in his award is not authorized by the arbitration agreement, the award, or the law, and that the trial court's modification of the arbitration award is reversible error.

L&F contends that if the trial court's judgment modified the arbitration award, the modification was authorized by section 11(c) of the FAA to correct the award that was "imperfect in matter of form not affecting the merits of the controversy." 9 U.S.C. § 11(c). However, L&F's primary argument is that the trial court did not modify the award because L&F's obligation to withhold taxes is implied in the arbitration award and the arbitration award did not expressly prohibit withholding.

### 1. Modification pursuant to 9 U.S.C. § 11(c)

█ The parties' agreement required that disputes or controversies between them "of any kind" were to be submitted to arbitration. It is undisputed that neither party asked the arbitrator to decide whether taxes were to be withheld from any part of the award. The arbitrator did not authorize nor consider any withholding from the back pay award and the arbitration award was silent on the question. The arbitrator awarded Guerra $40,326.00. On its face, the trial court's judgment, which ordered L&F to pay Guerra "$40,326.00, less any and all federally required withholdings," was effectively a substantive change in the award and not simply a matter of form. We hold the additional

terms authorizing payment to Guerra of less than the amount the arbitrator awarded is not authorized by 9 U.S.C. § 11(c). See ARW Expl. Corp. v. Aguirre, 45 F.3d 1455, 1463 (10th Cir. 1995) (holding section 11(c) does not authorize trial court to correct the computation of the amount of damages and deductions thereto); Int'l Bank of Commerce—Brownsville v. Int'l Energy Dev. Corp., 981 S.W.2d 38, 53-54, 58 (Tex. App.—Corpus Christi 1998, pet. denied) (holding trial court's orders of remittitur and changing rate of post-judgment interest on arbitration award to comport with statutory rate were changes in substance not authorized by section 11(c)).

### 2. Obligation to withhold implied in arbitration award

█ L&F next contends it is required by federal law to withhold taxes from the back pay arbitration award. It asserts it had no burden to submit the issue to the arbitrator and that its obligation to withhold is implied in the arbitration award as a matter of law. It concludes that the trial court therefore did not impermissibly modify the award by adding the express authority to withhold. L&F does not cite any authority that directly supports its contention that an obligation to withhold income and payroll taxes is implied in all arbitration awards for back pay. Instead, L&F analogizes this case to cases holding that an obligation to withhold income and payroll taxes is implied in settlement agreements and in trial court judgments for back pay. See, e.g., Noel v. N.Y. State Office of Mental Health Cent. N.Y. Psychiatric Ctr., 697 F.3d 209, 215 (2nd Cir. 2012) (holding former employer's payment of back and front pay awards in judgment was payment of wages and obligation to withhold income and payroll taxes was implied in judgment); I.E.E. Int'l Elecs. &

*Eng'g, S.A. v. TK Holdings Inc.*, No. 10-13487, 2015 WL 4527809 (E.D. Mich. July 27, 2015) (holding "that a settlement agreement's silence with regard to tax consequences leaves the paying party free to withhold taxes from its settlement payment in accordance with applicable law"); *Int'l Union, United Automobile Aerospace & Agric. Workers v. Hydro Auto. Structures N. Am., Inc.*, Nos. 1:11-CV-28 & 1:12-CV-324, 2015 WL 630457, at *2-4 (W.D. Mich. Feb. 12, 2015) (holding that settlement agreement that is silent on issue of taxes is subject to any withholding required to comply with federal tax law).

■■■ However, L&F cites no authority holding a former employer may withhold taxes from an arbitration award that is silent on the issue of taxes and withholding. We agree with Guerra that arbitration awards are not wholly analogous to trial court judgments. "[A] judgment upon a confirmed arbitration award is qualitatively different from a judgment in a court proceeding, even though the judgment is recognized under the FAA for enforcement purposes." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1133-34 (9th Cir. 2000). A judgment rendered on a decision of a court or jury at the conclusion of a judicial proceeding confirms the merits of that decision. *Id.* at 1133. However, the FAA requires the trial court to enter judgment upon a confirmed arbitration award, without reviewing either the merits of the award or the legal basis upon which it was reached. *Id.* An arbitration award is thus more analogous to the judgment of a court of last resort. *See Cooper v. Bushong*, 10 S.W.3d 20, 26 (Tex. App.—Austin 1999, pet. denied); *Bailey & Williams v. Westfall*, 727 S.W.2d 86, 90 (Tex. App.—Dallas 1987, writ ref'd n.r.e.).

■■■ Because arbitration awards are not the same as judgments rendered by trial courts, they are not automatically subject to the same statutory provisions as judgments. For example, "[t]he Texas Finance Code provides that monetary judgments for property damage earn pre-judgment interest, but that provision applies only to judgments rendered by courts, not to awards rendered by arbitrators." *Fogal v. Stature Const., Inc.*, 294 S.W.3d 708, 722 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). Likewise, Texas statutes providing for accrual of post-judgment interest on a "money judgment of a court in this state" do not apply to a judgment confirming arbitration awards. *Thomas Petroleum, Inc. v. Morris*, 355 S.W.3d 94, 99 (Tex. App.—Houston [1st Dist.] 2011, pet. denied); *see* TEX. FIN. CODE ANN. §§ 304.002-.005 (West 2016). Unless the trial court is expressly authorized to do so by the arbitration agreement, it has no authority to modify an arbitration award by adding or implying an award of pre- or post-judgment interest. *Thomas*, 355 S.W.3d at 99; *see also Barnes v. Old Am. Mut. Fire Ins. Co.*, No. 03-07-00404-CV, 2010 WL 668913, at *8 (Tex. App.—Austin Feb. 26, 2010, no pet.) (holding trial court impermissibly modified arbitration award by adding statutory post-judgment interest to award). In sum, "[c]ourts are not free to simply change an arbitrator's award." *Cooper*, 10 S.W.3d at 26. Trial courts must confirm and enforce the arbitration award as written, subject to proving the applicability of one of the narrow grounds set forth in section 11 of the FAA. *Broemer v. Hous. Lawyer Referral Serv.*, 407 S.W.3d 477, 484 (Tex. App.—Houston [14th Dist.] 2013, no pet.).

The parties in this case expressly agreed that "any action, dispute, claim or controversy of any kind" between them "shall be resolved by binding arbitration." L&F did not ask the arbitrator to make the award subject to tax withholding, did not ask the arbitrator to calculate the amount of any

tax withholding, and did not ask the arbitrator to require Guerra to complete any tax forms. The arbitration award ·did not speak to any of these things. Instead, the arbitrator ruled Guerra was entitled to recover damages from L&F in the amount of $40,326. L&F did not meet its burden to show any modification of the award was authorized by section 11 of the FAA. Under these circumstances, the trial court was "without authority to grant any relief beyond confirming the arbitration award." *Pyne v. IMG College, LLC*, No. 8:14-CV-340-T-17EAJ, 2014 WL 5810981, at *4 (M.D. Fla. Nov. 7, 2014). "[W]hile Defendants may have had a genuine, good faith intent to comply with perceived tax obligations, the arbitration award in this case did not mention the issue of taxes—calculation, determination, or otherwise. Defendants' actions of withholding taxes resulted in an impermissible, unilateral modification of the arbitration award." *Id.*

As in *Pyne*, Guerra is entitled to the full payment of the arbitration award, and the trial court was "powerless to vacate, modify, or correct the original arbitration award." *See id.* Two other federal courts faced with the same issue as that before us have reached the same conclusion. *See Hudson v. Merrill Lynch Int'l Finance Inc.*, C.A. No. 12-052, 2012 WL 5877960 (E.D. La. Nov. 20, 2012) (even if amount awarded by arbitrator were considered wages, where award did not state defendant was to pay a lesser amount based on its computation of plaintiff's tax obligation, award would be confirmed as written and defendant was required to pay plaintiff entire amount of award); *Barker v. Halliburton Co.*, C.A. No. H-07-2677, 2010 WL 1791107 (S.D. Tex. May 4, 2010) (confirming arbitration award, refusing to modify Title VII back pay award to authorize withholding, and holding party could not unilaterally modify arbitration award by

paying part of the award to the government as taxes instead of to plaintiff).

The final judgment included additional terms that changed the arbitration award. Nothing in the record suggests the trial court's additional terms were arbitrated or required to effectuate the arbitration award or were necessary to render an enforceable judgment, and no grounds have been shown for vacating or modifying an arbitration award under the FAA. We therefore conclude the trial court impermissibly modified the arbitration award.

### Sanctions Award

L&F's motion to confirm the arbitration award included a request for attorney's fees as sanctions pursuant to the court's inherent equitable powers on the ground that Guerra failed "to abide by [the] arbitrator's determination without justification" in that he failed to "immediately forward an executed Form W-4 and Form W-9 to L&F's attorneys." The parties did not present any argument on the issue of sanctions at the hearing on the cross-motions to confirm. Nevertheless, the trial court's January 22, 2016 order granting L&F's motion to confirm included an award to L&F of "$600.00 in attorney's fees and sanctions in accordance with the Texas Rules of Civil Procedure." Guerra objected to the sanctions in his motion for reconsideration, arguing the order failed to identify any sanctionable conduct and none had been shown. On appeal, Guerra argues there is no legal basis for an award of attorney's fees and there was neither good cause nor specific findings to support an award of sanctions. The parties agree that neither the FAA nor the arbitration agreement authorize an award of attorney's fees in this case. We therefore limit our review to whether the sanction award was proper.

### Standard of review

"We review a trial court's imposition of sanctions for an abuse of discretion." *Cire v. Cummings*, 134 S.W.3d 835, 838 (Tex. 2004). We reverse only if the trial court acted "without reference to any guiding rules and principles," such that its ruling was arbitrary or unreasonable. *Id.* at 839. In determining whether the trial court abused its discretion, we must ensure that the sanctions were appropriate or just. *Am. Flood Research, Inc. v. Jones*, 192 S.W.3d 581, 583 (Tex. 2006) (per curiam).

When a sanctions order identifies a specific rule or tracks a rule's language, we are confined to determining whether sanctions were proper under that rule alone. *Id.* at 583-84 (citing *Metzger v. Sebek*, 892 S.W.2d 20, 51 (Tex. App.—Houston [1st Dist.] 1994, writ denied)). In this case, the trial court's order stated the sanction was imposed "in accordance with the Texas Rules of Civil Procedure," but did not identify a specific rule. Guerra contends we are limited to reviewing the sanctions order under Rule 13 because that is the only potentially applicable rule of civil procedure. L&F disagrees, and argues that because the trial court did not identify or track a specific rule, we determine whether the award was proper under the trial court's inherent authority. We conclude the sanction cannot be affirmed under either authority.

### Sanction pursuant to the Texas Rules of Civil Procedure

Texas Rule of Civil Procedure 13 authorizes a trial court to sanction an attorney or other party for filing a fictitious pleading, making a statement in a pleading, motion, or other paper, which they know to be groundless and false, or for filing papers that are groundless and brought in bad faith or for the purpose of harassment. Tex. R. Civ. P. 13. The rule provides that "[n]o sanctions under this rule may be imposed except for good cause, the particulars of which must be stated in the sanction order." *Id.* The language of the rule is clear and unambiguous and its requirements are mandatory. *In re GTE Commc'ns Sys. Corp.*, 819 S.W.2d 652, 654 (Tex. App.—San Antonio 1991, orig. proceeding). The trial court may not impose Rule 13 sanctions without enumerating the particulars of the good cause in the sanction order. *Id.* Without such findings, effective review of the sanctions is unavailable. *Id.* An order imposing Rule 13 sanctions that fails to state the particulars of good cause is an abuse of discretion and unenforceable. *Thomas v. Thomas*, 917 S.W.2d 425, 433 (Tex. App.—Waco 1996, no writ).

The trial court's order did not state what conduct provided good cause for imposing sanctions. The trial court did not make any oral or written findings in support of the sanction award, even after Guerra pointed out the deficiency in his motion for reconsideration. The sanction award therefore cannot be sustained under Rule 13. *See id.*

### Sanction pursuant to court's inherent authority

L&F argues that because the trial court did not rely on any specific rule, we may review the sanction under any basis, and L&F argues the trial court had inherent power to award attorney's fees for Guerra's unjustified noncompliance with the arbitration award.

"Texas courts have the inherent power to sanction for an abuse of the judicial process that may not be covered by any specific rule or statute." *Island Entm't, Inc. v. Castaneda*, 882 S.W.2d 2, 5 (Tex. App.—Houston [1st Dist.] 1994, writ

denied). "Inherent power to sanction exists to the extent necessary to deter, alleviate, and counteract bad faith abuse of the judicial process." *Houtex Ready Mix Concrete & Materials v. Eagle Const. & Envtl. Servs., L.P.*, 226 S.W.3d 514, 524 (Tex. App.—Houston [1st Dist.] 2006, no pet.). The trial court's failure to issue findings of fact in support of sanctions issued pursuant to its inherent power is not fatal if the record contains sufficient evidence to support the award. *Id.* at 524-25. However, where the record contains no evidence that the party or counsel acted in bad faith or interfered with the trial court's core functions, the sanction order is an abuse of discretion. *See id.*

L&F contends the record shows Guerra failed to comply with the arbitration award without justification and the trial court therefore had inherent power to sanction him. *See Executone Info. Sys., Inc. v. Davis*, 26 F.3d 1314, 1331 (5th Cir. 1994); *Bell Prod. Eng'rs Ass'n v. Bell Helicopter Textron, Div. of Textron, Inc.*, 688 F.2d 997, 999-1000 (5th Cir. 1982). L&F contends the "failure to comply" was Guerra's refusal to execute tax forms and refusal to consent to adding a withholding requirement to the arbitration award. We disagree.

The arbitration award did not require Guerra to execute any tax forms and did not authorize any deductions from the amounts awarded. The FAA required the trial court to render a judgment for the amount awarded by the arbitrator and contains no requirement that Guerra consent to anything less. The record does not support findings that Guerra failed to comply with the award or that his conduct was without justification. We conclude that the record contains no evidence that Guerra or his counsel acted in bad faith or interfered with the trial court's core functions. The

trial court therefore abused its discretion in awarding sanctions.

### CONCLUSION

For the reasons expressed above, we hold L&F has not shown the appeal to be moot. We further hold the trial court erred in awarding attorney's fees as a sanction and in modifying the arbitration award. We therefore reverse the award of sanctions and render judgment that L&F's motion for sanctions is denied. We modify the judgment to delete the phrase, "less any and all federally required withholdings" from the fifth, sixth, and seventh paragraphs of the judgment, and, as modified, we affirm the judgment.

Sandee Bryan Marion, Chief Justice, dissenting

Sandee Bryan Marion, Chief Justice, Dissenting.

I concur in the majority's conclusion that this appeal is not moot and, therefore, should not be dismissed. I also concur in the majority's conclusion that the trial court erred in awarding sanctions. However, I respectfully dissent from the majority's conclusion that the trial court impermissibly modified the arbitration award because I do not believe the trial court modified the award by including language that allows L&F to comply with any applicable Internal Revenue Code requirements.

Neither party disagrees the award of $10,126 was for past lost wages. The parties disagree on whether the Internal Revenue Code ("IRC") withholding requirements apply to payments of an arbitration award in the same manner as they apply to judgments and settlements when the award is silent on the issue or whether L&F had the burden to obtain a ruling from the arbitrator that it could withhold the taxes. On appeal, L&F asserts the trial

court did not modify the arbitration award because a requirement that a defendant comply with federal tax withholding laws is implicit in the arbitration award and the trial court simply made the requirement explicit. L&F contends an award of past lost wages is presumptively a gross award and, if Guerra wanted to receive a certain amount after taxes, he had the burden to ask the arbitrator to order he be paid that amount net of taxes. On appeal, Guerra does not address whether the IRC requires an employer to withhold taxes from an award of past lost wages under the facts of this case. Instead, he argues that, even if the IRC requires such a withholding, L&F had the burden to obtain a ruling from the arbitrator to that effect. I disagree with Guerra.

The IRC requires an "employer" that makes a "payment" of "wages" must withhold income and payroll taxes. 26 U.S.C. §§ 3102(a), 3402(a). The Second Circuit in *Noel v. N.Y. State Office of Mental Health Cent. N.Y. Psychiatric Ctr.*, 697 F.3d 209, 215 (2d Cir. 2012), held this obligation to withhold income and payroll taxes is implied in a judgment for back pay. After a jury trial on a claim Noel had been fired in violation of Title VII, a judgment was rendered that included awards of $210,000 for back pay and $70,000 for front pay. The judgment was silent about taxes and withholding. Noel's former employer, the State, sent Noel a check for the amount of the back and front pay awards, less amounts withheld for federal income and payroll taxes [also other deductions]. Noel sought to enforce the judgment, arguing the awards were not subject to withholding because they were made pursuant to a judgment and were not payments of wages. The trial court agreed and ruled the State had not satisfied the judgment and ordered the State to pay Noel the amounts previously withheld. The State and the U.S. Department of Justice, as

amicus curiae, argued to the court of appeals that awards for back and front pay in employment cases are "wages" subject to mandatory tax withholding "irrespective of whether such payment is made through a settlement or a final judgment" and without the need to obtain a ruling from the court to that effect. *Id.* at 212.

The Second Circuit held the front and back pay awards to Noel were "wages" within the meaning of federal tax law. *Id.* at 213-14. The court also found, "[t]he obligation on employers to collect taxes by withholding a specified portion of the tax from wages paid is mandatory," and "an employer who fails to withhold FICA and income taxes from the wages of his employees, or who fails to pay those withheld taxes over to the government, can be held personally liable for an amount that is equal to the amount that should have been withheld and paid over." *Id.* at 214-15. The court concluded the obligation to withhold was implied in the Title VII judgment for back and front pay. *Id.* at 215. The court also held the district court "awarded a double benefit to Noel, ordering the State to pay directly to him amounts already paid on his behalf in satisfaction of his tax liabilities." *Id.* at 215; *see id.* at 214, n.4 (discussing other courts that have reached the same conclusion).

Likewise, required federal taxes must be withheld from settlement payments even where the settlement agreement is silent on the issue. In *International Union, United Automobile Aerospace & Agricultural Workers v. Hydro Automotive Structures North America, Inc.*, No. 1:11-CV-28, 2015 WL 630457, at *2-*4 (W.D. Mich. Feb. 12, 2015), the parties disagreed whether the defendants could withhold FICA taxes from the amounts due some of the class members under the settlement. The court held the settlement, silent on the issue of taxes, was subject to any

withholding that federal law might require. "If the parties had meant to guarantee a particular amount of cash-in-hand, they would have had to say so expressly, especially in a tax situation like this that would require grossing up settlement payments to ensure a cash-in-hand outcome." *Id.* at *3. *See also I.E.E. Int'l Elecs. & Eng'g, S.A. v. TK Holdings Inc.*, No. 10-13487, 2015 WL 4527809 (E.D. Mich. July 27, 2015) (discussing a number of cases holding "that a settlement agreement's silence with regard to tax consequences leaves the paying party free to withhold taxes from its settlement payment in accordance with applicable law.").

In this appeal, the majority acknowledges these opinions, but concludes arbitration awards are not wholly analogous to trial court judgments. I do not disagree "there are fundamental differences between confirmed arbitration awards and judgments arising from a judicial proceeding." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1133-34 (9th Cir. 2000). However, when a plaintiff is awarded past lost wages on which IRC taxes may be mandated but the award is silent as to the withholding of any taxes, I believe judgments, settlement agreements, and arbitration awards for such wages must be treated the same. The IRC requires employers to collect income and FICA taxes by withholding them from wages paid to employees. 26 U.S.C. §§ 3102(a), 3402(a)(1). An employer who fails to withhold such taxes may be held liable for those taxes plus penalties and interest. 26 U.S.C. §§ 3102(b), 3403, 6651. The failure to withhold taxes also is punishable as a crime. 26 U.S.C. § 7202. In addition, even if the tax is later paid, an employer who fails to withhold is subject to liability for penalties and other statutory additions. 26 U.S.C. § 3402(d). In view of these requirements, I can see no reason to treat an arbitration award's silence

about the payment of IRC taxes in a different manner than a trial court judgment's or a settlement agreement's silence on the same issue. At least two courts have reached a similar conclusion.

In *Amalgamated Transit Union Local 880 v. N.J. Transit Bus Operations*, 385 N.J.Super. 298, 897 A.2d 357, 362, *certif. denied*, 188 N.J. 352, 907 A.2d 1012 (2006), the trial court confirmed arbitration awards for back pay and expressly directed that the back pay awards be paid in full to each grievant and that no taxes could be deducted from the awards except as authorized by the grievant. *Id.* at 359. On appeal, the court reversed, holding the awards were subject to federal tax withholding. *Id.* at 362.

In *Subway International B.V. v. Bletas*, No. 3:10-CV-1714 JCH, 2012 WL 860372 (D. Conn. Mar. 13, 2012), *aff'd*, 512 Fed. Appx. 82 (2d Cir. 2013), Subway obtained an arbitration award and sought to have it confirmed. Bletas opposed confirmation, arguing the award violated public policy because it failed to expressly require the withholding of applicable taxes. *Id.* at *3. The court noted the award was silent on taxes and the parties agreed public policy dictated the applicable taxes should be paid to the appropriate authorities. *Id.* at 3-*4. However, the court concluded the award did not violate that policy. *Id.* at *4. Without making any ruling as to whether withholding was required, the court concluded:

the Arbitrator's silence as to the withholding of tax payments does not create an "explicit conflict with other laws and legal precedents." Nothing in the award forbids the parties from withholding amounts pursuant to the tax laws of any jurisdiction or otherwise directs the parties to fail to pay any taxes due. The court agrees with SIBV that the award

permits the parties to fully comply with any and all applicable tax laws and thus does not violate public policy.

*Id.* The *Bletas* case supports the proposition that, as with judgments, an obligation to comply with federal tax withholding requirements is implicit in an arbitration award.

In this appeal, we are not asked to decide whether the IRC actually requires L&F to withhold taxes. Nor did the trial court purport to rule whether withholding was actually required or, if so, in what amount. Instead, the trial court merely allowed L&F to comply with any applicable IRC requirements.[1] I believe the issue of withholding IRC taxes, albeit not expressly stated as part of the arbitration award for past lost wages, is a necessary consequence of the award of such wages. Because it is a necessary component of an arbitration award for past lost wages, then compliance with tax withholding laws is implied in a silent award such as the one here. For these reasons, I do not believe the trial court modified the award by stating L&F could withhold "any and all federally required withholdings from the amount awarded for back pay wages."

---

1. The trial court's judgment stated L&F "should process the check for lost wages in the amount of $10,126.00, less any and all federally required withholdings."