**AFFIRMED and Opinion Filed April 29, 2022**



In The
**Court of Appeals**
**Fifth District of Texas at Dallas**

_____

**No. 05-20-00776-CV**
_____

**BLUESTONE RESOURCES, INC., Appellant**
**V.**
**FIRST NATIONAL CAPITAL, LLC, Appellee**

**On Appeal from the 95th District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-19-18831**

## OPINION

Before Justices Reichek, Nowell, and Carlyle
Opinion by Justice Reichek

In this appeal, Bluestone Resources, Inc. ("Bluestone") challenges the trial court's judgment confirming an arbitration award in favor of First National Capital, LLC ("First National"). In a single issue, Bluestone contends the trial court erred in awarding First National post-judgment interest. For the reasons that follow, we affirm the trial court's judgment.

## Background

The facts relevant to this appeal are straightforward. In 2019, a dispute arose between Bluestone and First National concerning the terms of an equipment lease. Pursuant to an arbitration provision in the lease, Bluestone initiated arbitration

seeking a declaration that it had complied with the lease agreement. First National brought counterclaims for breach of the lease and conversion. On November 13, 2019, the arbitrator signed a final award stating that First National "shall recover from Claimant [Bluestone] the sum of $2,716,240.94 for breach of the lease agreement, plus attorney's fees of $63,002.59, and costs of $13,045.55."

On November 25, 2019, First National filed its original petition and application for confirmation of the arbitration award. In the petition, First National requested confirmation of the award and recovery of the costs and attorney's fees associated with the confirmation proceeding. First National additionally requested post-judgment interest under chapter 304 of the Texas Finance Code.

Approximately three months later, First National moved for summary judgment contending that Bluestone had not paid any portion of the damages awarded in the arbitration and entry of a judgment would allow First National to undertake collection efforts as a judgment creditor. The trial court granted First National's motion and signed a judgment ordering that First National recover damages in the amount of $2,716,240.94, attorney's fees of $63,002.59, and costs of $13,045.55 as specified in the award. The trial court further ordered that all costs of court expended or incurred in the cause be taxed against Bluestone. Finally, the trial court ordered that "all sums awarded to [First National] in this judgment shall bear interest at the current statutory rate of 5.0% per annum from the date of this order until paid or otherwise satisfied by Bluestone."

Bluestone filed a motion to modify, correct, or reform the judgment contending the trial court erred in awarding First National post-judgment interest. Bluestone argued the addition of post-judgment interest was an unauthorized modification of the arbitration award. The motion was not set for a hearing and was overruled by operation of law. Bluestone now brings this appeal.

**Analysis**

The sole issue on appeal is whether the trial court erred in granting post-judgment interest on the judgment confirming the arbitration award. As Bluestone notes, the issue of post-judgment interest on a judgment confirming an arbitration award was examined by the Fort Worth Court of Appeals in *Blumberg v. Bergh*, No. 02-04-00138-CV, 2005 WL 1047592 (Tex. App.—Fort Worth May 5, 2005, no pet.) (mem. op.). In *Blumberg*, the court addressed the propriety of a judgment that not only confirmed the arbitration award, but also added post-award, prejudgment interest to the amount awarded by the arbitrator. *Id.* at \*6. The trial court's judgment then went on to state that post-judgment interest would accrue on the total amount owed, which included the post-award interest. *Id*.

The Fort Worth court held the trial court's addition of post-award interest was an impermissible modification of the award, reasoning there was no provision in the Texas Arbitration Act that authorized interest on an award when such interest was not awarded by the arbitrator. *Id*. The court further noted that the Texas Finance Code allows for the recovery of interest only on "a money judgment of a court of

–3–

this state" and not on an arbitration award.  *Id*.; *see also* TEX. FIN. CODE ANN. §§ 304.002–.003.  Concluding the post-award interest was unauthorized, the court modified the trial court's judgment to omit the post-award interest and to provide that post-judgment interest would accrue only on the original amount awarded by the arbitrator plus the costs properly awarded by the trial court.  *Blumberg*, 2005 WL 1047592, at *6.

Bluestone urges us to follow *Blumberg* and hold the trial court erred in awarding post-judgment interest on the arbitration award in this case.  However, the judgment at issue here is in full compliance with *Blumberg*.  The judgment awards interest only on the amount awarded by the arbitrator to begin accruing on the date the trial court rendered judgment confirming the award.  No post-award, prejudgment interest was included.

We acknowledge there is a line of cases following *Blumberg* that appears to conclude the award of *any* post-judgment interest is unauthorized unless such interest was awarded by the arbitrator.[1]  We respectfully disagree.  Interest on a money judgment accrues automatically and is recoverable even if it is not

---

[1] This line of cases began with *Fogal v. Stature Construction, Inc.*, 294 S.W.3d 708 (Tex. App.—Houston [1st Dist.] 2009, pet. denied).  In *Fogal*, the Houston (1st) Court of Appeals relied on *Blumberg* but, without analysis, equated post-judgment interest with post-award interest, prejudgment interest, and attorney's fees to conclude the addition of post-judgment interest was a modification of the arbitration award.  *Id*. at 722–23. Three other appellate courts have since followed this conclusion without distinguishing between post-award and post-judgment interest. *See, e.g., ETC Intrastate Procurement Co., LLC v. JSW Steel (USA), Inc.*, 620 S.W.3d 168, 179–80 (Tex. App.—Houston [14th Dist.] 2021, no pet.); *Guerra v. L&F Distribs., LLC,* 521 S.W.3d 878, 887 (Tex. App.—San Antonio 2017, no pet.); *Barnes v. Old Am. Mut. Fire Ins. Co.*, No. 03-07-00404-CV, 2010 WL 668913, at *8 (Tex. App.—Austin Feb. 26, 2010, no pet.) (mem. op.).

specifically awarded. *DeGroot v. DeGroot*, 369 S.W.3d 918, 926–27 (Tex. App.—Dallas 2012, no pet.); *Metro. Transit Auth. of Harris Cty. v. Brooks*, No. 01-16-00158-CV, 2018 WL 1003520, at *5 (Tex. App.—Houston [1st Dist.] Feb. 22, 2018, no pet.) (mem. op.). We see no reason why a judgment confirming an arbitration award, which is a "money judgment of a court of this state," would be exempt from this rule. *See* TEX. FIN. CODE ANN. § 304.003.

A judgment confirming an arbitration award "is a final judgment like any other." *Hamm v. Millennium Income Fund, L.L.C.*, 178 S.W.3d 256, 263 (Tex. App.—Houston [1st Dist.] 2005, pet. denied). The judgment has the same force and effect as all other final judgments and may be enforced as if it was rendered as the result of a suit in the issuing court. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 171.092; *In re Akin Gump Strauss Hauer & Feld, LLP*, 252 S.W.3d 480, 489–90 (Tex. App.—Houston [14th Dist.] 2008, orig. proceeding). Because the judgment confirming the award in favor of First National is a final judgment issued by the trial court for the recovery of money, First National is statutorily entitled to recover post-judgment interest on the amount awarded. *See* TEX. FIN. CODE ANN. § 304.003. We resolve Bluestone's sole issue against it.

We affirm the trial court's judgment.

/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

200776F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

BLUESTONE RESOURCES, INC.,
Appellant

No. 05-20-00776-CV          V.

FIRST NATIONAL CAPITAL,
LLC, Appellee

On Appeal from the 95th District
Court, Dallas County, Texas
Trial Court Cause No. DC-19-18831.
Opinion delivered by Justice
Reichek. Justices Nowell and Carlyle
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee FIRST NATIONAL CAPITAL, LLC recover its costs of this appeal from appellant BLUESTONE RESOURCES, INC.

Judgment entered April 29, 2022